**Benito LEAL et ux., Petitioners,**

v.

**FURNITURE BARN, INC., Respondent.**

**No. B–7424.**

Supreme Court of Texas.

Oct. 4, 1978.

Rehearing Denied Nov. 1, 1978.

J. David Phillips, Austin, for petitioners.

Kendall, Randle, Finch & Osborn, Terrence Kendall, Austin, for respondent.

BARROW, Justice.

This is a suit for damages under the Deceptive Trade Practices-Consumer Protection Act, Tex.Bus. & Comm.Code Ann. § 17.41, et seq. Judgment was entered for Benito and Linda Leal after a non-jury trial whereby they recovered against Furniture Barn, Inc. treble their actual damages of $185.00, being the sum of $555.00 plus stipulated attorney fees of $1,000.00. The court of civil appeals, with one justice dissenting, reversed and rendered judgment that the Leals take nothing by this suit. 560 S.W.2d 533. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

The case was tried upon an agreed statement of facts. On May 12, 1975, Furniture Barn sold the Leals certain furniture for $765.42 on a "layaway" basis. In connection with the sale, the Leals made a down payment of $175.00 and were required to sign a printed retail installment contract which was changed by writing across the face of the printed contract the words: "In Layway (sic) only will pay 40.00 ea month

until paid out." There are a number of terms and conditions on the written form that are inconsistent with a layaway sale. There is no provision in the form for disposition of Leal's payments in the event the contract was not completed and there was no agreement as to any charges or costs to be deducted in such event. The furniture was to be delivered when fully paid for and thus remained in the possession of Furniture Barn.

By July 1975, the Leals decided that they could not afford to pay out the furniture and sought a refund of the down payment. A payment of $10.00 was tendered and accepted by Furniture Barn on September 4, 1975, but a subsequent tender of $15.00 was refused on October 11, 1975. On October 7, 1975, the following letter was written by Winkley, an employee of Furniture Barn, to the Leals and forms the basis of this suit:

"Under the terms of our agreement on this account it will be necessary for you to pay $40.00 by Saturday, October 11, 1975.

If payment is not received your account will be closed and all monies deposited shall be forfeited."

The Leals alleged that this letter was a false and misleading statement in representing that the agreement conferred upon Furniture Barn rights or remedies which it did not have in violation of Section 17.-46(b)(12), Tex.Bus. & Comm.Code Ann. This section provides in part:

"(b) The term 'false, misleading, or deceptive acts or practices' includes, but is not limited to, the following acts:

. . . . .

(12) representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; . . ."

We agree with the Leals that this letter was a false and misleading statement of Furniture Barn's rights under the layaway agreement. The clear import of this letter is that Furniture Barn had the right under this agreement to retain all monies deposit-

ed by the Leals. This representation was false in that no such right is provided in the installment contract signed by the Leals and, under the stipulated facts, there was no such oral agreement. In fact, Furniture Barn does not contend that it had a right to forfeit the sums deposited by the Leals, but rather, seeks to make certain other charges against these funds. The letter of October 7, 1975, by representing to the Leals that the layaway agreement gave Furniture Barn the right to forfeit all monies deposited by the Leals, constituted a "false, misleading or deceptive act or practice" of the type that the legislature intended to proscribe and subjected Furniture Barn to the statutory penalties provided by said Act.

The judgment of the court of civil appeals is reversed and the judgment of the trial court is affirmed.