**VIEW–CAPS WATER SUPPLY CORPORATION, Appellant,**

v.

**Allen PURCELL et al., Appellees.**

**No. 5562.**

Court of Civil Appeals of Texas, Eastland.

Feb. 26, 1981.

Rehearing Denied March 26, 1981.

Barbara B. Rollins, Bradbury, Tippen & Rollins, Abilene, for appellant.

John R. Saringer, Wilson, Saringer, Harker & Wilson, Frank Scarborough and Charles Black, Scarborough, Black, Tarpley & Scarborough, Abilene, for appellees.

McCLOUD, Chief Justice.

Allen Purcell sued Hollis E. Swafford, Jr., William F. Baker and View-Caps Water Supply Corporation for damages resulting from the failure of View-Caps to provide a water meter for a tract of land purchased by plaintiff. Swafford and Baker filed a third party claim against View-Caps for indemnity and damages. The court, based on jury findings, held that View-Caps violated the Deceptive Trade Practices Act,[1] and entered a judgment for treble damages in the sum of $15,000 plus attorney's fees in favor of plaintiff. A take nothing judgment was entered for defendants Swafford and Baker, and they were further granted judgment of $2,500 against View-Caps for their attorney's fees. View-Caps appeals. We reform and affirm in part, and reverse and render in part.

Swafford and Baker contracted to convey a 15 acre tract of land to plaintiff through the Texas Veterans Land Act. The contract provided:

> A stock certificate and rights to one (1) water meter on the View-Caps Water Supply Corporation line will be granted to Purchaser as a part of this contract with all installation charges and other expenses borne by Purchaser.

The transaction was closed and the sellers delivered to Purcell a View-Caps membership certificate issued in the name of "Arnett Dorbandt." Several months later, plaintiff contacted the president of View-Caps and was told that the certificate had not been properly transferred to plaintiff on the corporation's books, and that the certificate was issued for a different tract of land, and could not be transferred to Purcell's 15 acre tract. Plaintiff took the certificate to Swafford who obtained transfers from Dorbandt to Swafford and Baker and from them to Purcell. Purcell testified that he presented the transfers to the president of View-Caps and was told at that time that the certificate was for a different tract of land and it would not be possible to obtain a water meter.

Plaintiff went to trial on his third amended original petition. He specifically alleged, among other allegations, that Swafford and Baker violated the DTPA by breaching an "expressed warranty." Alternatively, plaintiff sought damages against

---

1. Texas Deceptive Trade Practices-Consumer Protection Act, Texas Business and Commerce Code § 17.41 et seq., hereinafter referred to as DTPA.

View-Caps and specifically alleged that View-Caps violated the DTPA by its "unconscionable actions."

The jury found that Swafford and Baker made an "express warranty" to plaintiff that they were conveying a stock certificate and rights to one water meter on the View-Caps line, but that the express warranty was not breached by Swafford and Baker. The jury found in Special Issues 10, 11 and 12 that plaintiff was entitled to a water meter from View-Caps, and that the denial of the meter by View-Caps was wrongful. The jury found in Special Issue 13 that the denial of a water meter by View-Caps was not an "unconscionable action or course of action."

■ The only attack made by View-Caps on Special Issues 10, 11 and 12 is that such findings will not support the court's holding that it violated the DTPA. We agree. Plaintiff argues that these findings show a breach of warranty. We disagree. It is clear from plaintiff's pleadings that his only alleged violation of the DTPA against View-Caps was that it engaged in "unconscionable actions" toward plaintiff. Plaintiff specifically alleged breach of warranty against Swafford and Baker, but this specific allegation is not contained in the allegations against View-Caps. It is also clear that Special Issues 10, 11 and 12 were preliminary issues for issue 13 which asked if the denial of a water meter by View-Caps was an unconscionable action. We hold there are neither pleadings nor issues to support a finding that View-Caps violated the DTPA. The court erred in trebling the actual damages.

■ The jury found in Special Issue 16 that $5,000 "would reasonably compensate plaintiff for damages occasioned by the actions of View-Caps." No objection was made to the issue. View-Caps argues on appeal that there is "no evidence" to support the finding. We disagree. There is evidence that plaintiff incurred various expenses in having water transported to the tract of land and in digging a stock tank. Also, plaintiff testified that the failure of View-Caps to furnish him a water meter

has prevented him from building a home on the 15 acre tract. There is evidence that the lack of water service will continue in the future. We cannot say that there is no evidence to support the jury's answer to Special Issue 16.

■ Plaintiff sought attorney's fees against View-Caps only under the DTPA. He did not seek attorney's fees against View-Caps under Tex.Rev.Civ.Stat.Ann. art. 2226 (Vernon 1971). We agree, therefore, with View-Caps that plaintiff is not entitled to attorney's fees since we have held that plaintiff failed to show a violation of the DTPA.

■ In Special Issue 28 the jury found that $2,500 would be reasonable attorney's fees for legal services rendered by the attorney for Swafford and Baker in the preparation and trial of this cause. The trial court awarded Swafford and Baker a judgment for $2,500 against View-Caps.

Section 17.55A of the DTPA provides:

A person against whom an action has been brought under this subchapter may seek contribution or indemnity from one who, under the statute law or at common law, may have liability for the damaging event of which the consumer complains. A person seeking indemnity as provided by this section may recover all sums that he is required to pay as a result of the action, *his attorney's fees reasonable in relation to the amount of work performed in maintaining his action for indemnity,* and his costs. (emphasis added)

We think this section permits the recovery of attorney's fees when a party is entitled to indemnity. Swafford and Baker incurred no liability and would, therefore, not be entitled to indemnity. This section does not permit Swafford and Baker to recover the attorney's fees they incurred in successfully defending the suit brought against them by plaintiff.

The judgment in favor of Purcell against View-Caps is reformed to provide for an award of $5,000, and as reformed is affirmed. The judgment in favor of Swaf-

**356**

ford and Baker for attorney's fees is reversed and judgment is rendered that they take nothing.

DICKENSON, J., not participating.