EASY LIVING, INC., et al., Appellants,

v.

Dr. Charles E. CASH, et al., Appellees.

No. 18460.

Court of Civil Appeals of Texas,
Fort Worth.

May 28, 1981.

Rehearing Denied June 25, 1981.

Law, Snakard, Brown & Gambill and Alan Wilson, Fort Worth, Robert B. Bain, Dallas, for appellants.

Garrett & Settle and Rufus S. Garrett, Jr., Fort Worth, for appellees.

## OPINION

HUGHES, Justice.

Dr. Charles E. Cash and Dr. James H. Simmons (hereinafter referred collectively as the plaintiffs) instituted this suit against Easy Living, Inc., G. J. Roberts, Jr., John W. Hastings and Dudley Beadles (hereinafter collectively referred as the defendants) for injunctive relief and for monetary recoveries to which they were allegedly entitled under the Deceptive Trade Practices Act before its amendment in 1979 (Tex. Bus. & Comm.Code § 17.41 et seq., 1977) in connection with a construction contract. Easy Living counterclaimed for the balances allegedly due it under the contract and for foreclosure of its mechanic's lien. Judgment in the trial court was rendered in favor of the plaintiffs and the defendants have appealed.

We reform the judgment of the trial court and affirm.

In April 1977 Easy Living contracted to remodel the dental offices leased by the plaintiffs at an original contract price of $57,596.00. Easy Living is a Texas Corporation specializing in remodeling jobs. Defendants Hastings and Roberts, respectively, are the president and vice president of Easy Living. The contract contained a schedule of payments based upon certain progress events. The final payment of $15,596.00 was due upon substantial completion. The contract also provided that if Easy Living stopped work "through act" of the plaintiffs, Easy Living could stop work and recover from the plaintiffs payment for all work executed and any loss sustained plus reasonable profit and damages.

The plaintiffs also executed a "Builder's & Mechanic's Lien (With Power Of Sale) Note" and a "Builder's & Mechanic's Lien Contract (With Power of Sale)". Defendant Beadles is the named trustee in these instruments.

Pursuant to the terms of the contract certain changes in the contract specifications were made resulting in a net increase in the total contract price. The plaintiffs have paid Easy Living $46,210.00.

As work progressed on the improvements discord developed between the plaintiffs and Easy Living which culminated in the abandonment of the project by Easy Living and its subcontractors.

Easy Living thereafter caused the trustee, Beadles, to send a letter to the plaintiffs alleging substantial completion of the work contracted for and demanding payment of $12,726.70 as the amount due under the original contract and $5,795.40 as the amount due on the allegedly substantially completed changed orders. A foreclosure sale of the leasehold interest was threatened in the event the demand of payment was not satisfied.

The plaintiffs then filed suit against the defendants seeking: (1) damages against Easy Living for the costs necessary to hire another contractor to rework/complete the job attempted by Easy Living and for the loss of use of the facilities; (2) recovery under the DTPA of treble damages against Easy Living (plus costs and attorneys' fees) arising from Easy Living's deceptive trade practices, breach of warranty and unconscionable course of conduct—the abandonment of the work and the false unilateral declaration of substantial completion with an accompanying demand for payment and threatened foreclosure in bad faith with the intent of coercing plaintiffs to accept incomplete and defective work at the risk of further disruption of the practice of their profession; (3) recovery jointly and severally against Roberts and Hastings under the DTPA for the assertions made against Easy Living; and (4) injunction of the defendants from foreclosing upon the plaintiffs' leasehold.

The defendants denied the plaintiffs' allegations and filed a counterclaim alleging substantial completion of the contract and seeking satisfaction of the demands made in the trustee's letter to the plaintiffs plus attorneys' fees, costs and interest.

The case was tried before a jury with 26 special issues submitted. Motions for judgment on the verdict were submitted by the plaintiffs and defendants.

The trial court rendered judgment awarding the plaintiffs $33,000.00 (three times the amount the jury found as the reasonable and necessary expense to plaintiffs to "repair, replace or correct" the work performed by Easy Living), permanently enjoining the defendants from selling the leasehold, denying the relief sought in the counterclaim, awarding attorneys' fees to plaintiffs under the DTPA and assessing court costs against the defendants (excluding Beadles).

■ The first point of error is that the trial court erred in holding Easy Living liable for the cost to plaintiffs to complete the contract because the cost to complete was less than the unpaid contract balance.

The jury findings relevant to this point of error are that Easy Living made and breached an express warranty that the work and services to be performed under the contract would be performed in a good and workmanlike manner and the breach was a proximate cause of $11,000.00 of "reasonable and necessary expense to plaintiffs to repair, replace or correct such work" as was performed by Easy Living. The jury also found that the work was not substantially completed.

Easy Living insists that the plaintiffs' measure of recovery is the excess of the reasonable and necessary costs of completion over and above the unpaid portion of the contract price.

The submission of issues concerning the breach of the express warranty that the work and services would be performed in a good and workmanlike manner and the award based thereupon evinces that the plaintiffs' recovery was not for the benefit of their bargain to have the building substantially completed but rather to have the work which was completed performed in a good and workmanlike manner.

Obviously there is an intent that the contract be severable in the "Work Stoppage" clause (which provided that payment would be due for "all work executed" in cases which as this) and the payment schedule (which allowed the plaintiffs to withhold payment of $15,596.00 until the work was substantially completed). Easy Living's measure of recovery treats the contract as an entirety.

We hold that the trial court was justified in awarding the plaintiffs $11,000.00 as actual damages for the expense to repair, replace or correct the work which had been performed. *Young v. DeGuerin*, 591 S.W.2d 296 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). We overrule the first point of error.

It being our holding that actual damages of $11,000.00 were justified we also overrule the second point of error which asserts that the trial court erred in awarding treble damages under the DTPA. *Woods v. Littleton*, 554 S.W.2d 662 (Tex.1977).

■ Roberts and Hastings argue that the trial court erred in holding them personally liable for attorneys' fees because the plaintiffs failed to obtain jury findings establishing that they were damaged or "adversely affected" under the provisions of § 17.50(a) of the DTPA. Although the trial court permanently enjoined all the defendants from foreclosing upon the plaintiffs' leasehold, no personal liability for actual damages was adjudged against Roberts or Hastings. Beadles was not held accountable for attorneys' fees.

It is the plaintiffs' position that they prevailed insofar as it is necessary to entitle them to attorneys' fees under the DTPA by obtaining injunctive relief against Roberts and Hastings as individuals.

In order for the plaintiffs to recover attorneys' fees from Roberts and Hastings there must be a violation of the DTPA established. *View-Caps Water Supply Cor-*

*poration v. Purcell*, 613 S.W.2d 353 (Tex. Civ.App.—Eastland 1981, no writ).

The relevant provisions of section 17.50 before its amendment in 1979 read as follows:

"Sec. 17.50.   Relief for Consumers

"(a) A consumer may maintain an action if he has been adversely affected by any of the following:

"(1) the use or employment by any person of an act or practice declared to be unlawful by Section 17.46 of this subchapter;

"(2) breach of an express or implied warranty;

"(3) any unconscionable action or course of action by any person; or

"(4) the use or employment by any person of an act or practice in violation of Article 21.21, Texas Insurance Code, as amended, or rules or regulations issued by the State Board of Insurance under Article 21.21, Texas Insurance Code, as amended.

"(b) In a suit filed under this section, each consumer who prevails may obtain:

"(a) . . .

"(2) an order enjoining such acts or failure to act;  . . . ."

In answer to special issues the jury found that: Hastings and Roberts caused Easy Living to abandon the work in question, represent that the work in question was substantially complete and threaten to foreclose its mechanic's lien on the plaintiffs' leasehold; these acts were done in bad faith; and this conduct did *not* constitute an unconscionable action or course of action.

There was no contention made that Roberts or Hastings as individuals breached an express or implied warranty under § 17.-50(a)(2) and the jury's finding that neither the acts of Roberts nor of Hastings constituted an unconscionable action or course of action eliminated § 17.50(a)(3) as a ground of violation.   Section 17.50(a)(4) is obviously not involved here.   Thus, in order for the plaintiffs to recover attorneys' fees from Roberts and Hastings as individuals, one of the acts enumerated in § 17.46(b) must be the ground for violation.

The plaintiffs specifically alleged a violation of § 17.46(b)(12) which reads as follows:

"(b) The term 'false, misleading, or deceptive acts or practices' includes, but is not limited to, the following acts:

". . .

"(12) representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;  . . . ."

We hold that § 17.46(b)(12) has no application to the facts before us.   There is no dispute that if there had been substantial completion and the plaintiffs had refused to make the payment due, the terms of the mechanic's lien contract would have conferred the remedy of foreclosure.   The cases we have found which address § 17.-46(b)(12) have, as a common thread, a false assertion made of a right or remedy conferred by the contract.   See in particular *Leal v. Furniture Barn, Inc.*, 571 S.W.2d 864 (Tex.1978) where a defendant falsely asserted that a remedy was conferred by a contract.

We sustain the allegations of error relating to the personal liability of Roberts and Hastings for attorneys' fees.   No violation of § 17.50(a) was proved.   The fact that the plaintiffs obtained an injunction against Roberts and Hastings does not necessarily mean that they prevailed under § 17.50(a).

The fourth, fifth and sixth points of error relate to the counterclaim asserted by Easy Living.   Specifically, it is argued that the trial court erred in denying recovery by Easy Living for the unpaid contract balance less the cost to plaintiffs to complete the contract and in permanently enjoining the foreclosure upon the plaintiffs' leasehold estate.

■  We first dispose of the contention that the trial court erred in enjoining Hastings and Roberts from foreclosing upon the leasehold estate.   The "Builder's & Mechanic's Lien Contract" was executed between

Easy Living and the plaintiffs. Beadles was the named trustee. Although Roberts and Hastings are officers of Easy Living their argument that they personally enjoy any of the rights incident to any existent lien is untenable.

The language relied upon by Easy Living is found in the "Builder's & Mechanic's Lien Contract":

"In the event that the improvements herein mentioned to be erected, fail for any reason to be completed, or fail to be completed according to the contract, or all of the labor and materials used in erection thereof fail to be provided by Contractor, then Contractor or other owner and holder of the herein described indebtedness and note shall have a valid and subsisting lien for said contract price, less such amount as would be reasonably necessary to complete said improvements according to said plans and specifications, . . . ."

We have already alluded to the typewritten addendum to the "Home Improvement Contract" which provides for a final payment of $15,596.00 upon the substantial completion of the project. We construe the "Home Improvement Contract", the "Builder's & Mechanic's Lien Contract," and the "Builder's & Mechanic's Lien Note" as a single instrument. *Harris v. Rowe*, 593 S.W.2d 303 (Tex.1979). In doing so we give effect to the typewritten addendum to the "Home Improvement Contract" over the printed provision quoted from the "Builder's & Mechanic's Lien Contract". *Southland Royalty Company v. Pan American Petroleum Corporation*, 378 S.W.2d 50 (Tex. 1964). Therefore, in view of the jury's finding that there was no substantial completion we hold that Easy Living is not entitled to recover the funds rightfully withheld by the plaintiffs. It follows then that in the absence of a debt there is no lien which can be foreclosed upon.

We overrule the fourth, fifth and sixth points of error as well as the points raised by Hastings in a separate brief.

■ The seventh point of error is that the trial court erred in denying recovery by Easy Living of the value of extra work performed plus attorneys' fees. The jury's answers to the special issues relating to this point of error were disregarded by the trial judge.

A typewritten provision of the "Home Improvement Contract" reads as follows:

"1. EXTRA WORK: During progress of construction the owner may order extra work. The amount for such extra work shall be determined in advance if possible or may be charged for at actual cost of labor and materials plus 20% for Contractor's overhead and fee. All sums for extras shall be due and payable upon completion of each extra."

It is apparent that the parties contractually provided a measure of recovery for extras.

Special issue no. 25, as submitted to and answered by the jury, reads as follows:

"Find from a preponderance of the evidence the reasonable value in Tarrant County, Texas, of the extra work furnished by Easy Living, Inc. or its subcontractors to the project in question, at the time it was performed.

"Answer in dollars and cents, if any.

"ANSWER: $2936.90"

Obviously this issue was submitted to the jury on a *quantum meruit* measure of recovery. The contract expressly covered the subject matter of the measure of damages; thus, the jury's finding was justifiably disregarded by the trial court. *Black Lake Pipe Line Company v. Union Construction Company*, 538 S.W.2d 80 (Tex.1976); *Dallas Electric Supply Co. v. Branum*, 143 Tex. 366, 185 S.W.2d 427 (1945).

It is the judgment of this court that the trial court's judgment should be affirmed except insofar as it holds G.J. Roberts, Jr. and John W. Hastings personally liable for the attorneys' fees incurred by the plaintiffs. We reform the judgment by deletion of the adjudication of this liability.

The judgment of the trial court is affirmed as reformed.