**Hollis E. SWAFFORD, Jr. et al., Petitioners,**

v.

**VIEW–CAPS WATER SUPPLY CORPORATION, Respondent.**

No. C–328.

Supreme Court of Texas.

June 24, 1981.

Scarborough, Black, Tarpley & Scarborough, Charles L. Black, Abilene, for petitioners.

Bradbury, Tippen & Rollins, Barbara Rollins, Abilene, for respondent.

PER CURIAM.

Allen Purcell bought a 15–acre tract of land from Hollis E. Swafford, Jr. and William F. Baker and brought this suit to recover damages from them for falsely representing that the sales contract granted Purcell the right to one water meter on the View-Caps Water Supply Corporation's water line. Damages were sought under the Deceptive Trade Practices-Consumer Protection Act (DTPA), Vernon's Texas Code Annotated, Business and Commerce Code. Swafford and Baker cross-claimed for indemnity, including attorney's fees, from View-Caps Water Supply Corporation. Thereafter, Purcell amended to sue Hollis E. Swafford, William F. Baker and View-Caps Water Supply Corporation.

The jury found that View-Caps was liable to Purcell for failing to connect him to the water line, but absolved Swafford and Baker from any liability. The trial court rendered a judgment whereby Purcell recovered his damages from View-Caps and Swafford and Baker recovered their attorney's fees from View-Caps in the amount found by the jury. The court of civil appeals concluded that Swafford and Baker were not entitled to recover their attorney's fees from View-Caps under Section 17.55A of the DTPA[1] because they were adjudged not liable to Purcell. Accordingly, the court of civil appeals reformed the trial court judgment so as to delete the recovery of attorney's fees by Swafford and Baker. 613 S.W.2d 353.

The only question before this Court is whether Swafford and Baker are entitled to indemnity from View-Caps for their attorney fees under Section 17.55A of the DTPA. We hold that Swafford and Baker are entitled to recover their attorney's fees under the express provisions of this statute. Swafford and Baker are "persons against whom an action has been brought under this subchapter" of the DTPA. They seek indemnity from View-Caps as "one who . . . may have liability for the damaging event of which the consumer complains." The jury found that View-Caps was liable for the event complained of by Purcell. The statute expressly authorizes indemnity for attorney's fees in this situation.

Since the denial by the court of civil appeals of Swafford's and Baker's attorney's fees is contrary to Section 17.55A, we have authority under Rule 483, Texas Rules of Civil Procedure, to grant the application for writ of error and, without hearing oral argument, reform the judgment of the court of civil appeals so as to permit Swafford and Baker to recover their attorney's fees. Accordingly, the judgment of the court of civil appeals is reformed to provide that Hollis E. Swafford, Jr. and William F. Baker recover from View-Caps Water Supply Corporation Two Thousand Five Hundred Dollars ($2,500.00) as attorney's fees, with interest thereon at the rate of nine per cent (9%) per annum from July 3, 1980. The judgment of the court of civil appeals is affirmed in all other respects.

---

1. § 17.55A. Indemnity

A person against whom an action has been brought under this subchapter may seek contribution or indemnity from one who, under the statute law or at common law, may have liability for the damaging event of which the consumer complains. A person seeking indemnity as provided by this section may recover all sums that he is required to pay as a result of the action, his attorney's fees reasonable in relation to the amount of work performed in maintaining his action for indemnity and his costs.