**COMPUTER BUSINESS SERVICES, INC. and Robert H. West, Appellants-Appellees,**

v.

**Robert H. WEST and Computer Business Services, Inc., Appellees-Appellants.**

No. 1502.

Court of Appeals of Texas, Tyler.

Dec. 21, 1981.

Rehearing Denied Feb. 4, 1982.

Charles R. Haworth, W. Ralph Canada, Jr., Johnson, Swanson & Barbee, Dallas, for Computer Business Services.

Carl David Adams, Adams, Mims & Vorphal, Dallas, for Robert West.

MOORE, Justice.

This is an appeal from a take-nothing judgment on an action for deceptive trade practices. The plaintiff, Robert H. West (West), brought an action against Computer Business Services, Inc. (CBS), for alleged violations of the Deceptive Trade Practices Act.[1] CBS filed a counterclaim against West alleging breach of contract and in addition requested the court award CBS attorney's fees that it incurred in defending against West's action. After trial by jury, the trial court entered a take-nothing judgment against West on all his claims. The judgment also denied the relief sought by CBS on its counterclaim and its request for

---

1. All citations are to Tex.Bus. and Comm.Code Ann. Section 17.41 *et seq.* (Vernon's Supp. 1980), as it existed prior to the 1979 amendments.

attorney's fees. From this judgment both West and CBS appeal.

We affirm.

From the take-nothing judgment plaintiff brings five points of error. Plaintiff's first point of error contends the trial court erred in failing to submit a special issue inquiring whether defendant CBS had represented that the agreement between it and West contained rights, remedies or obligations which it did not have or which were prohibited by law. West bases his request for this special issue on the refusal of CBS and Lasater to return the tax records of West until $1,200 allegedly due CBS was paid.

Defendant CBS is a Texas Corporation that provides computerized bookkeeping and income tax services to its clients. In July 1977 a salesman of CBS contacted West and it was agreed that the defendant would provide various bookkeeping services for West. After delays, which both sides blame on the other, CBS delivered a "set of books for the year 1977." Plaintiff alleges that there were numerous errors in the books which defendant agreed to correct. Approximately one month later Mr. Keith Lasater (Lasater), the president of CBS, returned the books to West and here the dispute arose between the parties as to the quality of the work done by CBS and West's failure to pay $1,200 due under the contract for work done by CBS.

■ Originally West was required to turn over all his tax records from 1975 to 1976 along with other data to CBS so the information could be processed in CBS's computer. When the books prepared by CBS were delivered to West by Lasater, West observed several errors in the books and demanded the return of his tax records so he could verify the accuracy of the work. Although Lasater returned some of West's records, Lasater stated that some records would not be returned until the bill to CBS was paid. West refused and again demanded the return of his books. Some two weeks later West made a written demand to Lasater requesting that his records be returned. In response, Lasater wrote to West: "I have called you twice last week to discuss this.... We are waiting to do the tax return and remainder of records will be returned when our bill is paid. Signed: Keith Lasater."

West contends that these oral and written statements violated Sections 17.-46(b)(12) of the Deceptive Trade Practices Act. We cannot agree with this contention. Section 17.46(b)(12) of the Deceptive Trade Practices Act states:

... The term false, misleading, or deceptive acts or practices includes but is not limited to, the following acts: representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve or which are prohibited by law....

To bring the defendant's conduct within the province of the act, the defendant must (1) represent it has rights or remedies which it did not have or which were prohibited by law, and (2) represent that the rights or remedies are conferred upon it by an agreement between the parties. There is no evidence that CBS made any representation about any lien or right it might have to keep West's books and records or that CBS made any representation that *under the agreement* it had the right to retain West's records.

The cases relied upon by West do not support his position. In *Leal v. Furniture Barn, Inc.*, 571 S.W.2d 864 (Tex.1978), plaintiffs and defendant had entered into a written lay-a-way agreement. When plaintiffs tried to obtain a refund of their down payment, the defendant sent plaintiffs a letter stating that "under the terms of our agreement on this account it will be necessary for you to pay $40.00 by Saturday, February 11, 1975. If payment is not received, your account will be closed and all monies deposited shall be forfeited." *id.* at 865. The Supreme Court of Texas in holding that the defendant's conduct violated Section 17.-46(b)(12) stated that the clear import of the letter was that Furniture Barn had a right under the agreement to retain all monies deposited. Likewise, in *Anderson v. Havins,* 595 S.W.2d 147 (Tex.Civ.App.—Amar-

illo 1980, no writ), the parties had entered into a written real estate contract. At the time of signing the contract the buyer asked the real estate agent whether the buyer under the contract was to receive the crops growing on the land he was purchasing. The selling agent stated they did not. The court in holding this a violation of 17.46(b)(12) concluded that: "The reservation of possession by the sellers under the contract was a reservation of the crops. Thus, the alleged representation 'the crop go' was a representation that the agreement conferred rights it did not have." *Id.* at 156.

Thus, the cases cited by plaintiff have a common thread, a false assertion made of a right or remedy *conferred by the contract.* See *Easy Living, Inc. v. Cash,* 617 S.W.2d 781 (Tex.Civ.App.—Fort Worth 1981, no writ).

The Deceptive Trade Practices Act is intended to prevent deceptions. The mere retention of the plaintiff's records without more was not a deception. The retention of plaintiff's records would only be deceptive if the defendant misrepresented to the plaintiff that it had a right to retain the books under the contract when, in fact, it did not. No such representation was ever made nor alleged and thus, no such deception as required by the Deceptive Trade Practices Act occurred.

Having concluded that the trial court properly refused to submit plaintiff's special issue, we find it unnecessary to reach plaintiff's four other points of error. The judgment as to West is affirmed.

■■ Defendant CBS as cross-appellant brings one point of error claiming the trial court abused its discretion in refusing to award CBS attorney's fees.

At the time West's action was brought Section 17.50(c) of the Deceptive Trade Practices Act read as follows:

> On a finding by the court that an action under this section was groundless and brought in bad faith or for the purpose of harrassment, the court may award to the defendant reasonable attorney's fees....

Defendant CBS at trial requested the trial court to submit a special issue to the jury inquiring whether or not the claims asserted by plaintiff were brought in bad faith. The trial court submitted the special issue and the jury returned a negative answer.

Defendant does not challenge the jury's finding but instead asserts that under Section 17.50(c) it may still recover attorney's fees if this suit was groundless. Defendant, relying on *Bray v. Curtis,* 544 S.W.2d 816 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.), contends that it may recover attorney's fees if the suit was groundless, in bad faith, or for harrassment. We cannot agree with defendant's disjunctive reading of the statute.

The courts have been divided on how the "groundless and bad faith" issues are to be determined. See *Brunstetter v. Southern,* 619 S.W.2d 557 (Tex.Civ.App.—San Antonio 1981, no writ). We believe, however, the best interpretation of the statute was by the Houston Court in *O'Shea v. International Business Machines Corp.,* 578 S.W.2d 844 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). In *O'Shea* the court held that "groundless" was an issue to be determined by the court but "bad faith and harrassment" were issues for the jury. Thus, for the defendant to recover attorney's fees under the Deceptive Trade Practices Act, he must secure a jury finding of bad faith or harrassment *and* a court determination that the suit is groundless. This procedure was followed by the Texarkana Court of Appeals in *Genico Distributors, Inc. v. First National Bank of Richardson,* 616 S.W.2d 418 (Tex.Civ.App.—Texarkana 1981, writ ref'd n.r.e.). Therefore, the defendant having failed to secure an affirmative jury finding as to bad faith is precluded from recovering attorney's fees.

The judgment of the trial court is affirmed.