Louis SCHOTT, III, Appellant,

v.

B.E. LEISSNER, Appellee.

No. 13–82–367–CV.

Court of Appeals of Texas,
Corpus Christi.

Oct. 20, 1983.
Rehearing Denied Nov. 10, 1983.

Larry D. Woody, Woody, Gumm, Hoffman & Heintz, Victoria, for appellant.

James W. Cole, Emmett Cole, Jr., Cole, McManus & Velasquez, Victoria, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

OPINION

NYE, Chief Justice.

This is a deceptive trade practice action filed in connection with the sale of a used automobile. B.E. Leissner brought suit against Louis Schott, III, alleging that Schott had misrepresented the quality and condition of an automobile which Leissner had purchased from him. Schott countered with a claim for attorney's fees, contending that Leissner's suit was groundless and brought in bad faith or for the purpose of harassment.

In answer to special issues, the jury found that Schott was not guilty of misrepresentation, failure to disclose, or an unconscionable act or course of action. They further found that the suit was brought in bad faith and for the purpose of harassment, and found amounts to be assessed as reasonable and necessary attorney's fees for the services of Schott's counsel. The trial judge, however, entered a take-nothing judgment for all parties.

The trial judge, in entering his judgment, reasoned that Tex.Bus. & Comm.Code Ann. § 17.50(c) (Vernon Supp.1982) requires, for the recovery of attorney's fees by the defendant, that the court find, as a matter of law, that the action brought by the plaintiff was groundless. Because he was unable to conclude that Leissner's action was groundless as a matter of law, the trial court denied recovery to Schott. Both parties have appealed.

Schott brings a single point of error complaining that the trial court erred in holding that section 17.50(c) requires a "law finding" that the suit was groundless in addition to a "fact finding" that it was brought for the purpose of harassment before attorney's fees can be awarded to a defendant.

A comparison of the present law, which is applicable to this case, to the previous statute is helpful. Before the amendments of 1979, section 17.50(c) stated:

"On a finding by the court that an action under this section was groundless and brought in bad faith or for the purpose of harassment the court may award to the defendant reasonable attorney's fees in relation to the amount of work expended and court costs."

The section now reads (with changes emphasized):

"On a finding by the court that an action under this section was groundless and brought in bad faith, or *brought* for the purpose of harassment, the court *shall* award to the defendant reasonable *and necessary* attorney's fees and court costs."

In the history of the deceptive trade practices act in Texas, it does not appear that the question presented by appellant's point of error has been squarely met by the appellate courts. The collateral issue of whether the issues of groundlessness, bad faith and harassment present questions for the court, the jury or both has been approached several times. The courts interpreting the pre-1979 version of section 17.-50(c) seemed to have reached a consensus that the issue of groundlessness is a law question to be determined by the court, while the questions of bad faith and harassment are issues for the jury. *Computer Business Services, Inc. v. West,* 627 S.W.2d 759, 761 (Tex.App.—Tyler 1981, no writ); *Brunstetter v. Southern,* 619 S.W.2d 557, 560–561 (Tex.Civ.App.—San Antonio 1981, no writ); *Genico Distributors, Inc. v. First National Bank of Richardson,* 616 S.W.2d 418, 420 (Tex.Civ.App.—Texarkana 1981, writ ref'd n.r.e.); *O'Shea v. International Bus. Machines Corp.,* 578 S.W.2d 844, 848 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). The Tyler court in *West* stated directly in dictum that, "for the defendant to recovery attorney's fees under the Deceptive Trade Practices Act, he must secure a jury finding of bad faith or harassment *and* a court determination that the suit is groundless. (emphasis theirs.)" In addition, in *O'Shea,* the Houston court quotes approvingly from W. LEIKAM, Woods v. Littleton; *Consumerism Comes of Age,* 18 S.Tex.L.J. 477, 490 (1977) that:

"The test that section [17.50](c) provides is a two-pronged one: the action must be groundless and brought in bad faith, or, the action must be groundless and brought for the purpose of harassment." Based on these authorities, one could conclude that before the 1979 amendments, section 17.50(c) required a law finding of groundlessness plus a fact finding of either bad faith or harassment in order for a defendant to recover attorney's fees.

However, the language and punctuation of the amended statute clearly sets apart the issues of groundlessness and bad faith from the issue of harassment. The plain meaning of the statute now appears to delineate two situations in which a defendant "shall" recover attorney's fees: 1) when an action is found to be groundless and brought in bad faith; or 2) when an action is brought for the purpose of harassment. This interpretation has been accepted by at least one commentator and acknowledged by another. See W. DORSANEO, 9 TEXAS LITIGATION GUIDE § 220.03[12] at 220–38.8 (1983) and M. CURRY, *The 1979 Amendments to the Deceptive Trade Practices-Consumer Protection Act*, 32 BAYLOR L.REV. 50, 66 (1980).

■ When the legislature amends a law, it is presumed that it intends to change the law. *American Surety Co. of New York v. Axtell Co.*, 120 Tex. 166, 36 S.W.2d 715, 719 (1931); *Travenol Laboratories, Inc. v. Bandy Laboratories, Inc.*, 608 S.W.2d 308, 314 (Tex.Civ.App.—Waco 1980, writ ref'd n.r.e.). We give effect to the legislature's addition of the *comma* after the word "faith" and the insertion of the word "brought" a second time after the word "or" in the present version of section 17.-50(c), i.e., "groundless and brought in bad faith, (comma) or *brought* (additional word) for the purpose of harassment." Following the rule established in the cases of *Genico Distributors, O'Shea,* and *West,* we acknowledge that the question of whether a lawsuit is brought for the purpose of harassment is a fact question for the jury.

■ Schott, the appellant here, secured a jury finding that the suit against him was "brought for the purpose of harassment." Therefore, under the present statute, as amended, he is entitled to his attorney's fees.

In addition to opposing Schott's argument on the construction of section 17.50(c), Leissner brings five additional points of error. The first three of these challenge the legal and factual sufficiency of the evidence to support the jury's findings that his suit was brought in bad faith and for the purpose of harassment. In his fourth point, Leissner contends that the trial court erred in submitting the bad faith and harassment issues without a threshold finding by the court that the action was groundless as a matter of law. Finally, Leissner challenges the factual sufficiency of the evidence to support the jury's findings that Schott did not misrepresent the characteristics, standard or quality of the automobile sold.

■ After carefully reviewing the entire record, we are convinced that there is ample evidence to support the submission of the issues on bad faith and harassment and the jury's findings thereon. The evidence is also sufficient to sustain the jury's findings on the issues of misrepresentation. There was conflicting testimony concerning Schott's representations and disclosures about the car and concerning the responsibility for the car's condition at the time of trial. The jury, as sole judge of the weight and credibility of the evidence, was entitled to believe Schott's evidence and to disbelieve Leissner's. Leissner's points of error one through three and five are overruled.

■ Having determined that a finding by the court of groundlessness is not a prerequisite for the recovery of attorney's fees by defendant who obtains a jury finding on harassment, we hold that it was not error for the trial court to submit to the jury the issues on bad faith and harassment. These issues were ultimate fact questions bearing directly on Schott's cause of action for attorney's fees. Point of error number four is overruled.

We affirm the judgment of the trial court that appellee Leissner take nothing. We reverse the trial court's judgment that Schott take nothing in his counterclaim. We render judgment for Schott for attorney's fees [1] for those amounts that were found reasonable and necessary by the jury. Costs are assessed against the appellee, B.E. Leissner.

AFFIRMED in part; REVERSED and RENDERED in part.

1. $4,000.00 for the trial of the cause, $2,500.00 for the appeal to this Court, and an additional $1,500.00 in the event that an appeal is taken to the Supreme Court.