**ALLRIGHT, INC., d/b/a Allright Auto Parks, Inc., Appellant,**

v.

**Stephen K. BURGARD, Appellee.**

No. A14–83–097–CV.

Court of Appeals of Texas, Houston (14th Dist.)

Dec. 22, 1983.

Rehearing Denied Jan. 26, 1984.

George M. Bishop, Bard, Groves, Sroufe & Bishop, Houston, for appellant.

Emmott Sterling Huff, Law Office of Thomas E. Lucas, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

## OPINION

ROBERTSON, Justice.

This is an appeal from a judgment in favor of appellee in a suit founded on bailment. In addition, appellee sought recovery under the Texas Deceptive Trade Practices—Consumer Protection Act, Section 1750, hereinafter DTPA. We affirm.

The facts show that appellee, as a contract parker, parked his automobile in appellant's garage; the car was stolen, and this lawsuit ensued.

In its first point of error, appellant argues "had the court allowed appellant to proceed with its counterclaim the issue of bad faith would have been an issue for the jury to decide." Appellant makes no citation to the record indicating a point at which the court prevented it from proceeding with its counterclaim. We have searched the record and have found no such point. At best this point of error is repetitive of point of error number two. Appellant's first point of error is overruled.

■ In its second point of error, appellant complains of the trial court's failure to submit its requested special issue concerning whether appellee's DTPA claim was "brought in bad faith for the sole purpose of harrassment." Rule 277, Texas Rules of Civil Procedure authorizes the submission of a special issue only when raised by both the written pleadings and the evidence. The fact that the issue was raised by the pleadings alone is insufficient; there must be sufficient evidence to raise the issue as well. *Felmont Oil Corp. v. Pan American Petroleum Corp.*, 334 S.W.2d 449 (Tex.Civ.App.—El Paso, writ ref'd n.r.e.). Appellant asserts in its brief that it submitted evidence concerning this issue. We have searched the record and find none. Appellant argues that "the court obviously thought the action under the Deceptive Trade Practices Act was *groundless* as it refused to submit any special issues to the jury supporting that claim as alleged by the appellee in his First Amended Original Petition." Neither party requested a finding by the court as to its reasons for refusing each and every requested special issue pertaining to the DTPA. We refuse to equate the trial court's refusal to submit appellee's DTPA special issues with a trial court finding that the claim was groundless. Given the state of the record we find nothing constituting evidence supporting appellant's position that appellee's DTPA claim was brought in bad faith or for the purpose of harrassment. The jury would have had no basis on which to answer such a special issue. Thus, the court was not required to submit appellant's DTPA special issue to the jury. Appellant's second point of error is overruled.

■ In his third point of error, appellant complains of the trial court's failure to award appellant attorney's fees for defending appellee's DTPA claim since "the trial court in effect found that such claim was groundless." In order to prevail on his attorney's fees claim under Section 17.50(c) of the DTPA, it was incumbent on appellant to secure a court determination that the DTPA claim is groundless. *Computer Business Services Inc. v. West*, 627 S.W.2d 759, 761 (Tex.App.—Tyler 1982, writ ref'd n.r.e.). As discussed above, appellant failed to secure a court finding that the claim was groundless. Appellant's third point of error is overruled.

■ In its fourth point of error, appellant complains of the trial court's award of attorney's fees to appellee. Appellant asserts that appellee tried his case only on the theory of negligence and not on the

theory of breach of contract. We disagree. Appellee pled a theory of bailment, introduced evidence on this theory and the court expressly found as a matter of law that the parties entered into a contract for bailment. "The foundation of bailment lies in contract, thus attorney's fees (are) recoverable under Tex.Rev.Civ.Stat.Ann. art. 2226 (Vernon Supp.1982)." *Berlow v. Sheraton Dallas Corp.*, 629 S.W.2d 818, 823 (Tex.App.—Dallas 1982, writ ref'd n.r.e.). Furthermore, the record shows that appellee's attorney's fees were stipulated to by appellant. Appellant's fourth point of error is overruled.

▆▆▆ In point of error number five, appellant complains of the trial court's failure to submit the following special issue: "Do you find from a preponderance of the evidence that the plaintiff's automobile was stolen by an unknown third party or parties after the garage in question had closed for the day or week-end?" While appellant's argument under this point is far from clear, we interpret it to be a complaint that the issue should have been submitted since an affirmative answer thereto would have constituted a defense to appellee's claim. This argument is without merit and has been rejected by the courts before. Appellee's knowledge of the garage's closing time and fact that a third party may have stolen the automobile do not negate the parties bailment contract. See *Allright, Inc. v. Schroeder*, 551 S.W.2d 745 (Tex.Civ.App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.). The trial court was correct in refusing to submit the special issue since it inquired about immaterial facts. This point of error is overruled.

▆▆▆ In its final point of error, appellant asserts the court erred in entering judgment against Allright, Inc., since there was no evidence that this corporation operated the parking garage in question or employed the attendant. From the briefs submitted by both parties and oral argument, we construe appellant's complaint to be an attack on the pleadings. Appellant failed to file a verified pleading setting forth a defect of parties or that it was not liable in the capacity in which it was sued, as is required by Tex.R.Civ.P. 93, 94. Appellant has waived any such complaints he may have had. Appellant's sixth point of error is overruled.

In a cross-point, appellee seeks additional damages and costs pursuant to Tex.R.Civ.P. 435, 438 on the ground that all of appellant's points of error are frivolous. While we fully support the sanctions authorized by Rules 435 and 438, we are not prepared to say that all of appellant's points of error are totally without merit. In fact, appellee at oral argument conceded the importance of the issue concerning attorney's fees raised by appellant. Appellee's cross-point is overruled.

The judgment is affirmed.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

In its motion for rehearing, appellant contends we were in error in following *Computer Business Services, Inc. v. West*, 627 S.W.2d 759 (Tex.App.—Tyler 1982, writ ref'd n.r.e.) in disposing of its claim for attorney's fees. Rather, it contends, we should follow *Schott v. Leissner*, 659 S.W.2d 752 (Tex.App.—Corpus Christi 1983, ref'd n.r.e.). We do not agree. This cause of action arose on December 4, 1978; therefore we apply the provisions of Section 17.50(c) of the Deceptive Trade Practices Act in existence at that time as interpreted in *Computer Business Services, Inc.* rather than the provisions of that Section as amended in 1979 and interpreted in *Schott.*

The Motion for Rehearing is overruled.