CENTRAL CONSOLIDATED, INC., Individually and d/b/a Central Supply, and Texas Parts & Supply, Appellants,

v.

ROBERTSHAW CONTROLS COMPANY, Appellee.

No. 09–92–253 CV.

Court of Appeals of Texas, Beaumont.

Jan. 6, 1994.

Milton Shuffield, George M. Jamail, Bernsen, Jamail & Goodson, Beaumont, for appellants.

B. Stephen Rice, Hays, McConn, Rice & Pickering, Houston, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

This is an appeal from a summary judgment. Steven Alexander and his wife filed a personal injury suit against Central Consolidated, Inc., Texas Parts & Supply Co., Inc., and Robertshaw Controls Company, among others, alleging Steven was injured when a home hot water heater exploded. Central Consolidated, Inc., and Texas Parts & Supply were treated as a single party below and will be referred to in the singular as "Central." Robertshaw manufactured a replacement valve for the liquid petroleum water heater. Central sold the valve to a plumber who installed it in the hot water heater. The defendants were brought into the suit on allegations of defective product and individual negligence. All defendants other than Central settled prior to trial. The jury found for Central on the broad form negligence submission, resulting in a take-nothing judgment in that litigation. Meanwhile, Central filed an action for indemnity from Robertshaw. That cross-action was severed into the cause now on appeal. Robertshaw filed a motion for summary judgment, which the court granted, and Central filed a motion for partial summary judgment, which was denied. The trial court entered a take-nothing judgment on Central's action for indemnity. Central raises three points of error.

Point of error one urges: "The trial court erred in granting Robertshaw's motion for summary judgment as to Central's common law claim for indemnity inasmuch as the claim was brought on proper grounds and there were numerous, material fact issues that were not established as a matter of law." Central argues that a material fact issue exists whether it is an innocent retailer, so that summary judgment cannot lie. Robert-

shaw responds that Central was sued for selling the wrong part, and is therefore independently culpable. Of course, the jury did not find Central to be independently liable. There has been no finding of liability of Robertshaw because Robertshaw settled before trial and the cross-claim was severed from that part of the suit which went to trial.

■ The Texas Supreme Court abolished common law indemnity between joint tortfeasors. *B & B Auto Supply v. Central Freight Lines, Inc.*, 603 S.W.2d 814 (Tex. 1980). A claim for indemnity still lies where there is a contractual basis for indemnity or where the claimant's liability is purely vicarious. *Id.* at 817. Likewise, an innocent retailer may maintain a claim for common law indemnity against a manufacturer of a defective product when the retailer is merely a conduit for the defective product and is not independently culpable. *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414 (Tex.1984).

The Supreme Court has held that the retailer was not entitled to indemnification from the manufacturer, where the manufacturer settled with the plaintiff without a judicial determination of liability of the parties. *Humana Hosp. v. American Medical Systems*, 785 S.W.2d 144 (Tex.1990). As the grounds for summary judgment included in its motion, Robertshaw asserted that as a matter of law Central was not entitled to common law indemnity because there was no liability imposed upon Central for which indemnity could be sought. Central argues that it is entitled to litigate the question of the liability of the parties so that it may recover the attorney's fees expended in this litigation.

Central has been relieved of the necessity of litigating the products liability suit, and the dangerous exposure to liability attendant thereto. We are presented with the proposition that litigation should continue and liability be assessed merely to award attorney's fees.

■ Central correctly points out that attorney's fees are generally recoverable under common law indemnity. *Conann Constructors, Inc. v. Muller*, 618 S.W.2d 564 (Tex.Civ. App.—Austin 1981, writ ref'd n.r.e.). In *Olson v. Central Power and Light Co.*, 803 S.W.2d 808 (Tex.App.—Corpus Christi 1991, writ denied), a statutory indemnity case, the court noted that the purpose of indemnity is to make a party whole, and if the indemnitee must bear the expense of defending a suit, then he has not been made whole. The courts have thus created a common law right to recover attorney's fees in cases where other liability has been imposed upon the indemnitee. The courts have recognized the right to recover attorney's fees in the absence of other liability where a statute specifically provides that a person against whom a deceptive trade practices action has been brought may recover "all sums that he is required to pay as a result of the action." *Swafford v. View–Caps Water Supply Corp.*, 617 S.W.2d 674 (Tex.1981). There the indemnitor was found liable, so the exonerated indemnitee could recover his attorney's fees. Central does not have the benefit of such a statute but must rely upon common law principles of damages.

■ While the rule set forth in *Humana Hospital* applies, it only precludes indemnification for attorney's fees where there has been no judicial determination of liability because the claim for indemnity is premature. *Humana* is simply silent as to whether the litigation may continue solely on the issue of indemnification for attorneys' fees incurred in defending the product liability claim. We see no reason why the litigation may not continue to determine if Robertshaw was negligent or the valve defective, and the amount of attorneys' fees Central incurred in defending the product liability portion of the lawsuit. Point of error one is sustained. We need not address the remaining points of error. The summary judgment is reversed.

REVERSED AND REMANDED.