IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-20957

_____

VICTORIA TEWELEIT,

                                        Plaintiff,

                    versus

HARTFORD LIFE & ACCIDENT
INSURANCE COMPANY,

                                        Defendant-Cross Defendant-
                                        Cross Claimant-Counter
                                        Defendant-Appellee,

                    versus

THE TEXAS MUNICIPAL GROUP
BENEFITS RISK POOL,

                                        Defendant-Cross Claimant-
                                        Cross Defendant-Counter
                                        Claimant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(CA-H-91-171)

_____

June 26, 1996

Before HIGGINBOTHAM, WIENER, and PARKER, Circuit Judges.

PER CURIAM:[*]

    We are not persuaded that Hartford owes indemnity to TML.

_____

    [*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Common law indemnity in Texas is narrowly limited to those situations involving vicarious liability or an innocent retailer. Bonniwell v. Beech Aircraft Corp., 663 S.W.2d 816, 819-20 (Tex. 1984). TML's liability to Victoria Teweleit does not fit within either category. To the contrary, TML's liability to Teweleit was independent of Hartford's.

Similarly, we are not persuaded that Hartford owes TML indemnity under the Texas Deceptive Trade Practices Act. See Tex. Bus. & Com. Code Ann. § 17.555. Section 17.555 incorporates existing principles of contribution and indemnity law, including the limitation to situations involving vicarious liability and the innocent retailer, into DTPA cases. See Plas-Tex, Inc. v. U.S. Steel Corp., 772 S.W.2d 442, 446 (Tex. 1989). Neither Swafford v. View-Caps Water Supply Corp., 617 S.W.2d 674 (Tex. 1981), nor Saenz Motors v. Big H Auto Auction, Inc., 653 S.W.2d 521 (Tex. Civ. App.--Corpus Christi 1983), aff'd, 665 S.W.2d 756 (Tex. 1984), are to the contrary. Since TML is not entitled to common law indemnity, it is not entitled to DTPA indemnity.

AFFIRMED.