**GENICO DISTRIBUTORS, INC.,
Appellant,**

v.

**FIRST NATIONAL BANK OF
RICHARDSON, Appellee.**

No. 8866.

Court of Civil Appeals of Texas,
Texarkana.

May 5, 1981.

Rehearing Denied June 2, 1981.

John Feather, Hubbard, Thurman, Turner, Tucker & Glaser, Dallas, for appellant.

Jack E. Brady, Law Offices of Jack E. Brady, P. C., Dallas, for appellee.

HUTCHINSON, Justice.

Appellant, Genico Distributors, Inc. (Genico), brought this suit against appellee, First National Bank of Richardson (Bank), seeking treble damages and attorney fees under the Deceptive Trace Practices-Consumer Protection Act, Tex.Bus. & Comm.Code Ann. § 17.41, et seq. (DTPA). Trial was to a jury and upon the jury verdict the court entered a judgment that Genico take nothing and that the Bank recover attorney fees in the sum of $3,500.00 for services rendered through the trial court and additional sums in the event of appeals to a Court of Civil Appeals and the Supreme Court of Texas.

Genico employed H. E. Beaver in early 1977 to operate one of its service stations and instructed him to accept only cash from its customers and to deposit the cash in its account with the Bank. Mr. Beaver had previously operated the station as a commissioned dealer and had maintained his business account at the Bank. On September 14, 1977, Mr. Beaver presented to a teller at the Bank three deposit slips that he had prepared, dated September 10, September 11 and September 12, entering on each a dollar amount on the line marked "Currency" and an amount in cents on the line marked "Coin." However, instead of cash, he presented three checks drawn upon his old account in the sums of $1,599.28, $1,239.24 and $930.27, for a total of $3,768.79. The teller for the Bank placed a bank stamp on each of the deposit slips and gave copies to Mr. Beaver and sent copies with the bank statement to Genico. On the following day, September 15, 1977, it was determined that the three checks were drawn on insufficient finds and each were charged back against Genico's account. A notice of the chargebacks was prepared and sent to Genico along with the three checks that had been deposited by Mr. Beaver, each bearing a notation that it was returned by reason of insufficient funds.

By its first two points of error Genico asserts that the trial court erred by failing to grant its motion for an instructed verdict based upon the Bank's issuance, validation, and knowing failure to correct the false deposit slips and because of the jury's failure to find that the Bank falsely represented that it had deposited currency and coin by its issuance of the three deposit slips. The Bank responds to these points by stating that Genico was not a "consumer" under the Deceptive Trade Practices Act and that the jury's failure to find that the Bank falsely represented the deposits was proper under the presented evidence.

The cause of action conferred by the Deceptive Trade Practices Act is restricted to the class of claimants defined as "consumer" within the meaning of § 17.45(4) and to "services" as defined in § 17.45(2). *Rutherford v. Whataburger, Inc.,* 601 S.W.2d 441 (Tex.Civ.App.—Dallas 1980, writ ref'd n. r. e.); *Exxon Corporation v. Dunn,* 581 S.W.2d 500 (Tex.Civ.App.–Dallas 1979, no writ); *Russell v. Hartford Casualty Insurance Company,* 548 S.W.2d 737 (Tex. Civ.App.—Austin 1977, writ ref'd n. r. e.).

In the instant case, the trial court was correct in determining that Genico in the transaction complained of did not seek or acquire "by purchase or lease, any goods or services" and therefore was not a "consumer" under the Act. *Riverside National Bank v. Lewis*, 603 S.W.2d 169 (Tex.1980); *Thompson v. First Austin Company*, 572 S.W.2d 80 (Tex.Civ.App.—Fort Worth 1978, writ ref'd n. r. e.). The making and acceptance of ordinary deposit brought into existence the relation of debtor and creditor between the Bank and Genico, but it did not make Genico a "consumer". The burden was upon Genico to obtain an affirmative answer to the submitted issue. This it failed to do and it cannot from the record be held that such a finding was established as a matter of law. Genico's first two points of error are without merit.

■ By its third point of error, Genico contends the trial court erred in granting judgment against it for attorney's fees under § 17.50(c) of the Texas Business and Commerce Code Annotated since its claim was not groundless as a matter of law. By its two final points, Genico asserts that the court erred in submitting Special Issue No. 15 in that there was no evidence that it acted in bad faith in bringing the suit and that such issue was defective by not containing a proper definition of the words "brought in bad faith."

Special Issue No. 15 was:

"Do you find from a preponderance of the evidence that this suit brought by GENICO DISTRIBUTORS, INC., alleging deceptive trade practices was brought in bad faith?"

The jury answered "We Do".

Section (c) of § 17.50 provides that on a finding by the court that an action was groundless and brought in bad faith, or brought for the purpose of harassment, the court shall award to the defendant reasonable and necessary attorney's fees. The case of *O'Shea v. International Business Machines Corporation*, 578 S.W.2d 844 (Tex. Civ.App.—Houston [1st Dist.] 1979, writ ref'd n. r. e.), is cited and discussed by both parties here. In that case the trial court submitted an issue to the jury inquiring as to whether O'Shea's counter-claim was groundless and brought in bad faith or for the purpose of harassment. This was held to be error with the court interpreting Section (c) of the Act to mean that the court must determine whether or not a suit was groundless based upon undisputed fact issues, law issues or jury findings. However, the court stated that whether the suit is brought in "bad faith" or "for the purpose of harassment" would in the usual case present a jury issue. Here the trial court determined the suit to be groundless and did not submit an issue to the jury in this regard and based upon the jury's finding of "bad faith" correctly awarded relief under § 17.50(c).

A review of the record here demonstrates that there was ample evidence to support the submission of the issue of bad faith to the jury.

■ Genico's contention that the trial court erred in failing to give a proper definition of the words "brought in bad faith" does not present reversible error. While Genico objected to the submitted issue because it did not define "brought in bad faith" it did not submit a substantially correct definition as required by Tex.R.Civ.P. 279.

The judgment of the trial court is affirmed.