Raymond C. PARKS, Appellant,

v.

Rocky McDOUGALL, d/b/a McDougall's Carrera Automotive, Appellee.

No. 04-82-00094-CV.

Court of Appeals of Texas, San Antonio.

Sept. 14, 1983.

Rehearing Denied Nov. 14, 1983.

Kenneth Beanland, Richard T. Haase, San Antonio, for appellant.

Kermit W. Fox, Jr., San Antonio, for appellee.

Before ESQUIVEL, CANTU and REEVES, JJ.

OPINION

ESQUIVEL, Justice.

This is an appeal from a judgment awarding attorney's fees to a prevailing defendant under the provisions of the Deceptive Trade Practices Act, TEX.BUS. & COM.CODE ANN. § 17.50(c) (Vernon Supp. 1982–1983). Trial was to a jury who answered all issues in favor of defendant/ap-

pellee Rocky McDougall, d/b/a McDougall's Carrera Automotive Service. After both sides had closed but before the case was submitted to the jury, appellee was permitted to file a "Cross-Action and First Amended Original Answer." In his cross-action appellee sought attorneys' fees and costs from plaintiff/appellant Raymond C. Parks alleging therein that appellant's suit was groundless and brought in bad faith or for the purpose of harassment. No charge was requested or submitted to the jury on any issue concerning appellee's claim for attorney's fees. The case was submitted to the jury only on the issues concerning the deceptive trade practices. The jury returned its verdict and was discharged by the trial court. Fourteen days later, a hearing was held before the trial court. Based on the express finding that appellant's suit was groundless, the trial court entered judgment against appellant for $6,000.00 attorneys' fees and costs.

Appellant contends that appellee is precluded from recovering attorneys' fees because appellee failed to secure an affirmative jury finding as to "bad faith." Appellee counters that the issue of "bad faith" was implicit in the express finding of "groundless" by the trial court and that under the provision of § 17.50(c) of the Act "bad faith" did not concern the jury. We agree with appellant and reverse and render.

Prior to 1979, § 17.50(c) read in pertinent part as follows:

(c) On a finding by the court that an action under this section was groundless and brought in bad faith or for the purpose of harassment, the court may award to the defendant reasonable attorney's fees....

In 1979, the Legislature amended § 17.50(c) by inserting a comma following "bad faith", inserted "brought" preceding "for the purpose", substituted "shall" for "may", inserted "and necessary" after "reasonable" and deleted "in relation to the amount of work expended," following "attorney's fees." Section 17.50(c) now reads as follows:

(c) On a finding by the court that an action under this section was ground-

less and brought in bad faith, or brought for the purpose of harassment, the court shall award to the defendant reasonable and necessary attorney's fees and court costs.

The language of § 17.50(c), as it read prior to its amendment, has been construed to provide for the recovery of attorneys' fees to a prevailing defendant if the defendant proved (1) that the action was groundless and brought in bad faith, or (2) that the action was groundless and brought for the purpose of harassment. *LaChance v. McKown,* 649 S.W.2d 658 (Tex.App.—Texarkana, 1983); *Computer Business Services, Inc. v. West,* 627 S.W.2d 759, 761 (Tex.App.—Tyler 1981, writ ref'd n.r.e.); *Genico Distributors, Inc. v. First National Bank of Richardson,* 616 S.W.2d 418, 420 (Tex.Civ.App.—Texarkana 1981, writ ref'd n.r.e.); *O'Shea v. International Business Machines Corp.,* 578 S.W.2d 844 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). These cases further hold that in a jury case the jury must find the suit was brought in bad faith, or for the purpose of harassment, and the court must then conclude upon such findings that the suit was groundless. *See Computer Business Services, Inc. v. West,* at 761.

Appellee would have us construe the provisions of § 17.50(c) to provide for the awarding of attorney's fees under separate provisions of § 17.50(c) as follows:

(1) upon a finding by the court that an action was groundless and brought in bad faith;

(2) upon a finding by the court that an action was brought for the purpose of harassment.

We do not believe that such an interpretation is proper or reasonable. Such an interpretation would permit this provision to be used to discourage meritorious suits under the Act. Such a construction is unreasonable because the intent or purpose of a party initiating a well-founded suit should be irrelevant.

The judgment in this case neither contains, nor refers to, any finding by the jury of bad faith or intent to harass. Appellee

requested no such issues, even though the cross-action was filed after the charge had been prepared but before submission to the jury. No waiver of appellant of his right to a jury is in the record. To the contrary, the record reflects that appellant raised specific objection to the court having dismissed the jury and then hearing testimony regarding attorney's fees. We hold that the issue of bad faith or harassment was of concern to the jury and should have been submitted to them for their determination. Appellee's failure to secure an affirmative jury finding as to bad faith or harassment precluded the recovery of attorney's fees.

Our disposition of the foregoing point of error renders appellant's other points irrelevant.

The award of attorney's fees is set aside. The judgment of the trial court is reversed and rendered.