B.E. LEISSNER, Petitioner,

v.

Louis SCHOTT, III, Respondent.

No. C–2641.

Supreme Court of Texas.

Feb. 8, 1984.

Cole, McManus, Cole & Easley, James Cole, Victoria, for petitioner.

Woody, Gumm, Hoffman & Heintz, Larry D. Woody, Victoria, for respondent.

PER CURIAM.

B.E. Leissner filed suit against Louis Schott, III, under the Deceptive Trade Practices—Consumer Protection Act. TEX.BUS. & COM.CODE ANN. §§ 17.-41–.63 (Vernon Supp.1982). The jury found no violation of the DTPA, but did find that Leissner's suit was brought in bad faith and for the purpose of harassment. The trial court, however, did not award Schott his attorney's fees, because the court did not find that Leissner's suit was groundless.

The DTPA authorizes an award of attorney's fees to the defendant in certain cases. As amended in 1979, § 17.50(c) provides:

On a finding by the court that an action under this section was groundless and brought in bad faith, or brought for the purpose of harassment, the court shall award to the defendant reasonable and necessary attorneys' fees and court costs.

The trial court considered a finding that the suit was groundless to be necessary in all cases. The court of appeals construed the amended act to allow fees based on (a) a finding of harassment, *or* (b) a finding that the suit was groundless and brought in bad faith. Because there was a finding of harassment, the court of appeals held that fees should be awarded. 659 S.W.2d 752.

We refuse the application for writ of error, finding no reversible error. In doing so, we do not decide whether the court of appeals was correct in stating that the issues of bad faith and harassment are for the jury. Although an award under § 17.-50(c) is to be based "[o]n a finding by the court," a number of lower court decisions have held that the court is to determine whether a suit is groundless, but that the jury determines whether the suit was brought in bad faith or for the purpose of harassment. *See Parks v. McDougall*, 659 S.W.2d 875 (Tex.App.—San Antonio 1983, no writ); *LaChance v. McKown*, 649 S.W.2d 658 (Tex.App.—Texarkana 1983, writ ref'd n.r.e.); *Computer Business Services, Inc. v. West*, 627 S.W.2d 759 (Tex. App.—Tyler 1981, writ ref'd n.r.e.); *Genico Distributors, Inc. v. First National Bank of Richardson*, 616 S.W.2d 418 (Tex.Civ.

App.—Texarkana 1981, writ ref'd n.r.e.); *O'Shea v. International Business Machines Corp.*, 578 S.W.2d 844 (Tex.Civ.App. —Houston [1st Dist.] 1979, writ ref'd n.r. e.); *Bray v. Curtis*, 544 S.W.2d 816 (Tex. Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). The validity of this interpretation is not before us. Accordingly, we reserve judgment on whether all findings required by § 17.50(c) must be made by the trial court.

The application for writ of error is refused, no reversible error.