Robert L. MYER, et al., Appellants,

v.

James R. SPLETTSTOSSER, et al., Appellees.

No. 3–87–178–CV.

Court of Appeals of Texas, Austin.

Oct. 19, 1988.

Rehearing Denied Nov. 16, 1988.

Charles L. Eppright, Nancy McCluskey Green, Hearne, Knolle, Lewallen, Livingston & Holcomb, Austin, for appellants.

Jesse L. Whittenton, Walker Arenson, Arenson, Spears, Swanson & Whittenton, Austin, for James R. Splettstosser and Nila Splettstosser.

John G. Lione, Jr., Charles J. Monroe, Jamie Murphy McLeroy, Lione & Monroe, P.C., Austin, for Rouse and Mozingo.

Before POWERS, BRADY and CARROLL, JJ.

## ON MOTION FOR REHEARING

CARROLL, Justice.

The opinion of the Court in this cause handed down on May 25, 1988, is withdrawn and the following opinion is substituted therefor.

After trial to a jury, Robert L. Myer, Charles Cravens and Pam Cravens appeal from a take-nothing judgment in their fraud and Deceptive Trade Practices Act suit. Appellees are James R. Splettstosser, Nila Splettstosser, David Mozingo, and William Rouse d/b/a Bill Rouse Real Estate. We will affirm the judgment in part and reverse it in part.

## BACKGROUND

In July 1985, appellants bought 12 acres of land in Caldwell County from the Splettstossers. Appellee Mozingo was the real estate agent who listed the property for sale. The following November, flood water from Walnut Creek inundated the property and damaged the Cravens' personal property and house.

Appellants filed suit under the Texas Deceptive Trade Practices–Consumer Protection Act (DTPA), Tex.Bus. & Com.Code Ann. § 17.46 *et seq.* (1987), alleging that appellees had misrepresented and/or failed to disclose how high the water had risen on the property in the past. They claimed the property had flooded before the sale; that appellees knew this; and that by failing to disclose this alleged flooding, had deceived appellants. Appellees denied the allegations and counterclaimed for attorneys' fees under § 17.50(c) of the DTPA, arguing that appellants' suit was groundless and brought in bad faith or for the purpose of harassment.

The evidence at trial focused on conversations between the parties during negotiations for the purchase. The appellants' evidence tended to show that the property had flooded and that appellees had failed to disclose this fact; the appellees' evidence showed that they made no misrepresentations. The special issues tracked the requirements for fraud and deceptive trade practices, inquiring, among other things, whether appellees' statements to the appellants misrepresented the flooding or deceived them. The jury answered all special issues in appellees' favor.

The trial court refused to submit an issue on the question of bad faith, and made no express finding that the action was groundless. Nevertheless, the trial court did submit an issue on the question of harassment which the jury answered, "Yes." The trial court entered judgment that appellants take nothing on their fraud and DTPA actions, and ordered that appellees recover their attorneys' fees from appellants.

## DISCUSSION

Appellants' points of error fall into two categories: those that challenge the sufficiency of the evidence supporting the take-nothing judgment and those that contest the trial court's award of attorneys' fees to appellees.

I. Sufficiency of the evidence.

In analyzing an insufficient evidence claim, we consider all evidence to determine whether the findings are so against the great weight and preponderance of the evidence as to be manifestly unjust. *Pool v. Ford Motor Co.,* 715 S.W. 2d 629 (Tex.1986); *In Re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951). In

deciding a "no evidence" point, we may consider only that evidence which, viewed in its most favorable light, supports the fact findings, and we must reject all contrary evidence. *Bounds v. Caudle,* 560 S.W.2d 925 (Tex.1977).

■ We find the evidence more than sufficient to support the take-nothing judgment rendered on appellants' DTPA claim. The record reflects that appellees Mozingo and Rouse had no knowledge of previous floods and made no representations to appellants. There was also evidence that appellees had provided appellants information that the property was in a flood-plain area, but that the appellants had elected to buy the property anyway. The jury chose to believe some testimony and to disbelieve other portions of it, and probably concluded that appellants were aware of the danger of flooding when they purchased the house. The jury was entitled to draw the conclusions it did from the conflicting evidence at trial.

## II. Attorneys' Fees under the Statute and its Amendments.

The DTPA was substantially amended in the 1979 session of the Legislature. The questions in this appeal concerning attorneys' fees stem from the amendments to § 17.50(c).[1]

Under the old law, trial court judges sometimes seized upon the word "may" and refused to award attorneys' fees to successful defendants when the plaintiff's suit "was groundless and brought in bad faith or for the purpose of harassment." In response, the Legislature amended § 17.50(c), substituted "shall" for "may" and so far as is relevant to this appeal, made what we believe only stylistic changes to the balance of the section.

Because of these changes, trial courts are now *required* to award attorneys' fees to successful defendants when a plaintiff's

suit "was groundless and brought in bad faith, or for the purpose of harassment." Nothing in the legislative history surrounding the 1979 amendments to the DTPA suggests any other legislative intent in making this change.

Nonetheless, when faced with the plain language of § 17.50(c) and the seemingly obvious purpose behind the 1979 amendments, the courts of Texas have been unable to resolve two questions: (1) who makes the necessary findings—the court or the jury, and (2) what combination of findings on groundlessness, bad faith, and harassment is required to support an award of attorneys' fees?

### A. Who Decides—the court or the jury?

Despite the clear language of the statute —"On a finding by the *court* that an action under this section was groundless and brought in bad faith, or brought for the purpose of harassment"—most appellate courts have construed § 17.50(c) to require the court to decide groundlessness and the jury to decide bad faith and harassment. *See e.g., Computer Business Services, Inc. v. West,* 627 S.W.2d 759 (Tex.App.1981, writ ref'd n.r.e.).

■ Recently, however, the Dallas court of appeals addressed these questions and held that the language of the statute mandates that the trial court make all three findings, and that jury findings of bad faith and harassment are merely advisory. *Blizzard v. Nationwide Mutual First Ins. Co.,* 756 S.W.2d 801 (Tex.App.1988). We agree. Under a fair reading, § 17.50(c) plainly requires the trial court to make all three findings. Nevertheless, the answer to this first question is not so crucial to this appeal as is the answer to the second question—what combination of findings on groundlessness, bad faith, and harassment

---

**1.** Before 1979, § 17.50(c) read as follows: On a finding by the court that an action under this section was groundless and brought in bad faith or for the purpose of harassment, the court may award to the defendant reasonable attorneys' fees in relation to the amount of work expended and court costs.

After the 1979 amendments, § 17.50(c) reads as follows: On a finding by the court that an action under this section was groundless and brought in bad faith, or brought for the purpose of harassment, the court shall award to the defendant reasonable and necessary attorneys' fees and court costs.

is required to support an award of attorneys' fees.

### B. What Combination of Findings is Required?

Before the 1979 amendments to § 17.50(c), courts uniformly interpreted it to require a finding of groundlessness *and* a finding of either bad faith or harassment. *See e.g., Genico Distributors, Inc. v. First National Bank*, 616 S.W.2d 418, 420 (Tex.Civ.App.1981, writ ref'd n.r.e.); *O'Shea v. International Business Machines Corp.*, 578 S.W.2d 844, 848 (Tex.Civ.App.1979, writ ref'd n.r.e.). After the 1979 amendments, however, the courts of appeal split.

Some courts of appeal held that a finding of groundlessness was a prerequisite to a finding either of bad faith or of harassment. *Carrington v. Hart*, 703 S.W.2d 814 (Tex.App.1986, no writ). Others held that a finding of harassment alone was enough to support an award of attorneys' fees. *Shenandoah Associates v. J & K Properties, Inc.*, 741 S.W.2d 470 (Tex.App.1987, writ denied); *Schott v. Leissner*, 659 S.W.2d 752 (Tex.App.1983), writ ref'd n.r.e., 668 S.W.2d 686 (Tex.1984).

### C. Will harassment alone support attorneys' fees?

Appellants claim that the jury's finding of harassment is insufficient as a matter of law to support the trial court's award since there was no finding by the trial court of groundlessness. Appellees respond first that by the 1979 amendments to § 17.50(c), the Legislature intended that a finding of harassment alone is sufficient. Alternatively, appellees argue that if a finding of groundlessness is needed, we must make an inferred finding of groundlessness since the trial court submitted the harassment question to the jury.

The Supreme Court has never directly ruled on this issue. In the *Leissner* case, the Corpus Christi court of appeals held that a finding of harassment alone was enough, reasoning that "[t]he language and punctuation of the amended statute clearly sets apart the issues of groundlessness and bad faith from the issue of

harassment." 659 S.W.2d at 754. In a per curiam decision, the Supreme Court refused application for writ of error, finding no reversible error, but specifically declined to decide "whether the court of appeals was correct in stating that the issues of bad faith and harassment are for the jury." 668 S.W.2d 686 (Tex.1984). Since the Supreme Court declined to adopt all of the reasoning in the court of appeals decision, it did not resolve the confusion surrounding the conflicting interpretations of § 17.50(c).

We believe that the *Leissner* court of appeals decision that a finding of harassment alone will support an award of attorneys' fees to a defendant is wrong on two grounds: it frustrates the DTPA's underlying purposes *and* it misconstrues the 1979 amendments to § 17.50(c).

### D. The underlying purpose of the DTPA.

Under § 17.44 of the DTPA, Texas courts are required to *liberally* construe the Act to promote its underlying purposes: "to protect consumers against false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty and to provide efficient and economical procedures to secure such protection." This interpretation is widely recognized. "The [DTPA] was enacted in 1973 with the purpose of protecting consumers and providing efficient and economical procedures necessary to secure that protection." Curry, *The 1979 Amendments to the Deceptive Trade Practices–Consumer Protection Act*, 32 Baylor L.Rev. 51 (1980), *noting Woods v. Littleton*, 554 S.W.2d 662, 669–71 (Tex.1977).

The court of appeals *Leissner* decision does *not* "protect consumers" or "provide efficient economical procedure to secure such protection." To the contrary, it does just the opposite—it requires every plaintiff in a DTPA suit to win or run the risk of paying the defendant's attorneys' fees. Indeed, under this interpretation, even a victorious plaintiff may be called on to pay the defendant's attorneys' fees if the jury finds that the plaintiff brought suit for harassment.

**518**

E. Construction of the 1979 amendments to § 17.50(c).

The Legislature's only significant amendment to this section relevant to this appeal was to change "may" to "shall," making an award of attorneys' fees *mandatory* in certain situations.[2] The Legislature's other changes are merely stylistic, and clarify, but should not be read to significantly alter, the section. The commas and parallel structure of the section—"On a finding ... that an action ... was groundless and brought in bad faith, or brought for the purpose of harassment"—should be read to require either a finding of groundlessness and a finding of bad faith *or* a finding of groundlessness and a finding of harassment.

■ Accordingly, we hold that § 17.50(c) requires *either* a finding of groundlessness and bad faith *or* a finding of groundlessness and harassment. We reject the interpretation that a finding of harassment alone is enough to support an award of attorneys' fees. Our conclusion is supported not only by the plain grammatical meaning of § 17.50(c), but also by underlying policy considerations of the DTPA.

■ Based upon the record before us, we also hold as a matter of law that the appellants' lawsuit was not groundless. We draw this conclusion despite examining the evidence (as we must) in the light most favorable to the verdict. It is important to remember that at trial all appellees moved for directed verdict at the close of appellants' evidence. The trial court denied the motions and sent the case to the jury. "Presumably, if the issues raised by the suit survive a motion for directed verdict there are at least some facts that form the basis for a lawsuit." Goodfriend and Lynn, *Of White Knights and Black Knights: An Analysis of the 1979 Amendments to the Texas Deceptive Trade Practices Act*, 33 Sw. L.J. 941, 988 (1979). We agree. Where a plaintiff's DTPA cause survives a motion for directed verdict, neither the trial court nor an appellate court can logically find the lawsuit groundless.

The fact that a plaintiff suffers a take-nothing judgment does not necessarily mean that its lawsuit was groundless.

Appellees also assert (apparently for the first time on appeal) as an alternative ground for the award of attorneys' fees, that the contract for the sale of land in this controversy contains a provision that a prevailing party in litigation regarding the land may recover attorneys' fees. However, the appellees' pleadings in the cause base their claims for attorneys' fees entirely upon the alleged DTPA basis of groundlessness, and bad faith and/or harassment—*not* upon any contract language. Issues raised for the first time on appeal may not form the basis for recovery. Tex. R.App.P.Ann. 52 (Supp.1988).

CONCLUSION

We sustain appellants' first point of error and reverse that part of the trial court's judgment awarding attorneys' fees to the appellees. We render judgment that the appellees take nothing on their claim for attorney's fees. We overrule appellants' remaining points of error and affirm the balance of the judgment.

BRADY, J., not participating.