James R. SPLETTSTOSSER et al., Petitioner,

v.

Robert L. MYER, Charles Cravens, and Pam Cravens, Respondents.

No. C–8226.

Supreme Court of Texas.

Nov. 8, 1989.

Rehearing Overruled Dec. 13, 1989.

Walker Arenson, Jesse L. Whittenton, Arenson, Spears, Swanson & Whittenton, John G. Lione, Jr., Charles J. Monroe, Lione & Monroe, Austin, for petitioner.

Charles L. Eppright, Nancy McClusky Greene, Hearne, Knolle, Lewallen, Livingston & Holcomb, Austin, for respondent.

## ON MOTION FOR REHEARING

### PER CURIAM.

The issue presented by this motion for rehearing requires the determination of the proper test to be used when deciding if a suit is groundless pursuant to the Deceptive Trade Practices Consumer Protection Act, Tex. Bus. & Com. Code Ann. § 17.50(c) (Vernon 1987), (DTPA).

The dispute in this case arose over the purchase of a house and approximately twelve acres of land in Caldwell County abutting Walnut Creek. The respondent, Robert L. Myer, and Pam and Charles Cravens, (collectively referred to as "Myer"), were shown the property by petitioner, David Mozingo, a real estate agent in the employ of William Raymond Rouse, d/b/a/ Bill Rouse Real Estate (collectively, "Rouse"). The owners of the land were petitioners James and Nila Splettstosser (Splettstosser).

Myer alleged that during the course of several visits made to view the tract misrepresentations were made as to the level that the creek would rise during heavy rainfall. Approximately four months after Myer purchased the tract from Splettstosser, heavy rains caused the creek to rise and inundate the land and the house. Suit was filed by Myer, alleging, *inter alia*, violations of the DTPA. The countersuits by Splettstosser and Rouse sought attorneys' fees pursuant to DTPA § 17.50(c), alleging that the suit was groundless and brought in bad faith, or brought for the purpose of harassment. The trial court refused to submit a jury issue on bad faith and made no express ruling on the groundlessness issue. Based on the jury's answers to the special issues that were submitted, a take-nothing judgment was rendered against Myer. Additionally, based on the jury's finding that Myer's suit was brought for the purpose of harassment, attorneys' fees were awarded to Splettstosser and Rouse. The court of appeals affirmed the take-nothing judgment, but reversed and rendered as to the award of attorneys' fees. 759 S.W.2d 514.

We affirm the take-nothing judgment as to Myer, reverse the judgment of the court of appeals and remand the cause to that court to apply the appropriate test as to the groundlessness finding.

The Splettstossers complain that the court of appeals erred in holding that Myer's lawsuit was not groundless as a matter of law. The court of appeals rea-

soned that "where a plaintiff's DTPA cause survives a motion for directed verdict, neither the trial court nor an appellate court can logically find the lawsuit groundless." 759 S.W.2d at 518. We expressly disapprove of the use of this "test" for determining whether a case is groundless for purposes of DTPA § 17.50(c). The proper standard, announced in *Donwerth v. Preston II Chrysler–Dodge, Inc.*, 775 S.W.2d 634 (Tex.1989), is whether the totality of the tendered evidence demonstrates an arguable basis in fact and law for the consumer's claim. *Donwerth* at 637. Thus, we sustain the petitioner's point of error and remand the cause to the court of appeals to apply the appropriate test.

Pursuant to Tex. R. App. 133(b), without hearing oral argument, a majority of this court grants Splettstosser's motion for rehearing, reverses the court of appeals' holding regarding the appropriate test for determining if a cause is groundless, and remands the cause to that court to apply the test articulated in *Donwerth*.