**FRAGUMAR CORPORATION, N.V., etc., et al., Plaintiffs–Appellants, Appellees–Cross–Appellants,**

v.

**Graydon DUNLAP, et al., Defendants–Appellees**

v.

**David T. LOPEZ, Movant–Appellant–Cross–Appellee.**

**No. 89–2596.**

United States Court of Appeals, Fifth Circuit.

March 8, 1991.

Yocel Alonso, John C. Landon, Alfonso, Cersonsky, Leufven & Suarez, Houston, Tex., for Fragumar Corp.

David T. Lopez, Houston, Tex., pro se.

Graydon Dunlap, Houston, Tex., pro se.

E. Mitchell Smith, Jr., Houston, Tex., pro se, and for Mecca Dev. Corp.

Ward A. Busey, Houston, Tex., for Guttman.

Burnell S. Goodrich, Goodrich & Goodrich, Houston, Tex., for Goodrich & Bazelides.

E. Sterling Huff, Houston, Tex., for Coleen Nash Dunlap.

Before GARWOOD and WIENER, Circuit Judges and VELA, District Judge.[1]

VELA, District Judge:

This is an appeal culminating from a litigation which began over twelve years ago. After visiting this court on jurisdictional grounds, it was remanded for trial. After a completed trial in 1986, the trial court granted a JNOV in favor of the defendants Graydon Dunlap and Mecca Development, and a JNOV in favor of attorney Goodrich and his former firm. Appellants appeal from those JNOVs and the jury verdict in favor of the other defendants. After the trial was completed, Appellants' attorney, Lopez, moved to withdraw his representation. Appellants object to his trying to intervene to secure his attorney's fees. This court REVERSES both JNOVs and REMANDS for a new trial on damages possibly caused by the wrongful actions of Dunlap and Mecca. If any damages are found, Lopez may renew his motion to intervene. We also AFFIRM the jury verdict in favor of all other defendants.

## Facts and Disposition Below

This case arose from a real estate speculation. Appellant Gutierrez, a Mexican national and an attorney by trade, invested in a Houston condominium project. A sales pitch by Appellee Guttman interested Gutierrez in the venture. One of the promoters told him that a $225,000 investment would be required to commence the project. Guttman also introduced him to Goodrich, a Houston attorney. Though Gutierrez did retain Goodrich, their dealings and actions are shrouded by contradictory testimony. Goodrich was expected to draft the joint venture agreement, form a corporation for investment purposes and handle Gutierrez's investment capital.

Gutierrez in fact paid Goodrich $10,000 to form the corporation, of which $5300 was returned. Goodrich was given a check for $225,000 by Gutierrez. It was disbursed as follows: 1) $25,000 to Guttman as a commission, 2) $150,000 to Dorfman, 3) $50,000 to promoter/appellee Smith. Gutierrez claims that he was told only one lien for $260,000 existed. Goodrich claims he was informed about all existing liens.

Gutierrez filed suit in 1979, stating federal and state security law violations, fraud claims against the promoters (Mr. Dunlap and Smith), Mrs. Dunlap (now divorced and known as "Dorfman"), the salesman ("Guttman"), and fraud and legal malpractice claims against the attorney and his firm (Goodrich and Goodrich & Bazelides (both will hereinafter be referred to as "Goodrich")). The first suit was dismissed for lack of subject matter jurisdiction but reversed and remanded by this court. In the next trial, the court refused to grant defendants' request for a directed verdict at the close of plaintiffs' case. The jury made a finding against Dunlap and Mecca (a corporation owned and operated by Smith) in the first three questions on the verdict form and against Goodrich for malpractice in the fifth question of the verdict form.[2] The jury, unable to reach a unanimous decision on damages, was instructed by the trial judge to enter a majority finding. They voted 5 for no damages and 1 for unascertained damages caused by the securities law and real estate fraud claims. Plaintiffs' attorney, Lopez, voluntarily filed a motion to withdraw, which was granted. Lopez later filed a motion to intervene to protect his interest in the collection of attorney's fees. The trial court denied those defendants' motions to dismiss. The court ruled the Texas Deceptive Trade Practices–Consumer Protection Act ("DTPA") claim against Dorfman was groundless and in

---

1. District Judge of the Southern District of Texas, sitting by designation.

2. They found damages against Goodrich in the amount of $4,700.

bad faith and awarded her attorney's fees. In response to plaintiffs' motion to reconsider, the trial court granted a JNOV for defendants Dunlap and Mecca, and one for Goodrich in response to his motion for a JNOV.

## Discussion

### JNOV on Real Estate and Securities Fraud

The standard for reviewing a JNOV was described in *Boeing Co. v. Shipman*, 411 F.2d 365 (5th Cir.1969). "On motions ... for judgment notwithstanding the verdict the Court should consider all the evidence—not just that evidence which supports the non-mover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion." *Id.* at 374. If there is conflicting evidence on a material issue, the court may not grant the motion.

■ The district court properly acknowledged the great weight a jury verdict should be accorded, however, it granted a JNOV because it found a complete failure of proof as to the first three issues of liability.[3] The court felt the jury was prejudiced by the sheer length and volume of the litigation.

After reviewing the voluminous record, we cannot say the jury's findings were unreasonable. Plaintiff Gutierrez testified about his encounters with Dunlap and Mecca Development. Dunlap and Smith took the stand as well. We are not going to substitute our interpretations of the evidence for that of the jury's. "[I]t is the function of the jury as the traditional finder of facts, and not the Court, to weigh conflicting evidence and inferences, and determine the credibility of witnesses." *Id.* at 375. Accordingly we reverse the trial court's grant of the JNOV in favor of defendant's Graydon Dunlap and Mecca Development Corporation.

■ A problem further occurred when the jury did not agree on the amount of damages that were caused. The court adopted the jury's "theory of liability" because it was supported by at least a "modicum of evidence," however, there was no unanimity (5 finding no damages, and 1 finding the damages were undeterminable). The *Pattern Jury Instructions, Civil Cases*, U.S. Fifth Circuit District Judges Association (1983 Ed.), § 8A plainly indicates a unanimous jury verdict should be reached. This is precisely the instruction the trial judge gave the jury. However, after the jury was able to decide all issues but damages, the judge allowed the jury to enter a majority verdict. This was clearly not within the judge's power. Therefore, we must remand this to the district court to hold a new trial for a determination of damages.

### JNOV in favor of the Attorney

■ The same standard is required when reviewing the trial court's decision to grant a JNOV in favor of Goodrich. While acknowledging it should not reweigh the evidence, the trial court stated "the evidence does not suggest any reasonable basis for a jury to find" the defendants actions constituted malpractice. The record, which provided ample evidence for a jury to find in either way, supports a finding of malpractice. Gutierrez' testimony was thorough in describing his reliance upon Goodrich: in safeguarding his investment capital, informing him of all pertinent information and protecting his interests against other parties. Though this testimony very well may have been self-serving, it is not our place to substitute our inferences of testimony and credibility for that of the jury's. Because the jury was in the best position to make this decision, and the record does permit such a finding, we must reverse the trial court's grant of a JNOV in favor of Goodrich and allow the verdict of $4,700 stand.

**3.** 1) Violation of Texas securities laws.
2) Violation of federal securities laws.

3) Real estate fraud.

### The Challenged Jury Holding

■ When reviewing a jury's finding, this court employs the following standard.

> The verdict must be upheld unless the facts and inferences point so strongly and so overwhelmingly in favor of one party that reasonable persons could not arrive at a contrary verdict. Even if the jury's verdict was based upon sharply conflicting evidence and the court of appeals determines that reasonable persons might reach contrary results, the jury verdict must be upheld. Our task, therefore, is limited to determining whether the jury had before it any competent and substantial evidence that fairly supports the verdict.

*Conan Properties, Inc. v. Conans Pizza, Inc.*, 752 F.2d 145, 149 (5th Cir.1985) (citations omitted).

This places a heavy burden upon a party challenging a jury's verdict. Appellants assert the record supports a finding of liability upon both Guttman and Dorfman on the state and federal securities law claims and the real estate fraud claim. While there is evidence to support their view, the trial transcript provides ample grounds for the jury to come to the conclusion they did. Therefore, we must affirm the jury's verdict.

■ The appellants vainly attempt to overturn several evidentiary rulings made by the trial court. In each instance they claim that questioning should have been permitted, and had it been their client would certainly have prevailed. (A very convenient argument which unfortunately has no merit.) They also claim by reopening discovery, and through other delays, their case was extremely prejudiced. The trial judge has great discretion in allowing evidence. *Lubbock Feed Lots, Inc. v. Iowa Beef Processors, Inc.*, 630 F.2d 250 (5th Cir.1980) (stating district court's judgment admitting or excluding evidence is reversible for abuse of discretion or plain error). They suggest that since their client had to go to Mexico to retrieve documents, Dorfman must also reveal her finances. Evidence is not an exercise of *quid pro quo;* the judge allows what he feels is relevant and that is all. There was no abuse of discretion in admitting the evidence.

### Attorney's fees for Mrs. Dunlap

■ The trial court granted Dorfman attorney's fees associated with the defense of the Texas DTPA because it found the claim against her to be so lacking in fact as to be groundless and in bad faith. This finding meets the test articulated in Texas which asks "whether the totality of the tendered evidence demonstrates an arguable basis in fact and law for the consumer's claim." *Splettstosser v. Myer*, 779 S.W.2d 806 (Tex. 1989) (citing *Donwerth v. Preston II Chrysler–Dodge, Inc.*, 775 S.W.2d 634, 637 (Tex.1989)). Although the court's order does not explain its rationale, "[a]ppellate review of such trial court determinations is a question of law under an abuse of discretion standard." *Donwerth*, 775 S.W.2d at 637, n. 3. Reviewing the record as a whole and considering the jury's findings in favor of Dorfman, we cannot say the trial court abused his discretion in awarding attorney's fees in this instance.

### Granting a new trial

■ Appellants claim that evidence admitted was prejudicial and consequently warrants the granting of a new trial. They contend that the admission of evidence relating to Smith's bankruptcy estate was plain error and a clear abuse of discretion. Fed.R.Evid. 103(a), (d). In light of the entire record, and bearing in mind that the jury found against Dunlap and Mecca on liability and that the challenged evidence principally or entirely related to damages, we conclude that any error in this respect was likely harmless in respect to the jury's liability findings in favor of Dorfman and Guttman. Indeed, Appellants' claim in this respect is merely that the asserted error entitles them to a new trial on damages and that is unnecessary.

### Lopez's motion to intervene

This issue need not be decided by this court at this time. Lopez would not be entitled to any attorney's fees if it is found

Fragumar and Gutierrez suffered no damages from Mecca or Mr. Dunlap's wrongful conduct.[4] "The duty of this court 'is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.' " *Oil, Chemical & Atomic Workers International Union v. Missouri*, 361 U.S. 363, 367, 80 S.Ct. 391, 394, 4 L.Ed.2d 373 (1960) (quoting *Mills v. Green*, 159 U.S. 651, 653, 16 S.Ct. 132, 133, 40 L.Ed. 293 (1895)). Lopez may renew his motion to intervene at the trial court level if damages are found; we would be overstepping our constitutional powers by rendering an opinion on such a speculative claim.

## Conclusion

The record is replete with opportunities for the jury to arrive at the verdict they did. Therefore both JNOVs are REVERSED and the trial court's decision to uphold the rest of the verdict is AFFIRMED including the judgment for $4,700 against Goodrich. Since the jury was allowed to render a verdict for damages which was not unanimous, we REMAND for a new trial on damages which may have been caused by the wrongful actions of Dunlap and Mecca. We refuse to pass upon Lopez's motion to intervene because it is not certain if attorney's fees may be collected at all at this point in time.

---

**4.** Even at that time he must meet the requirements of Fed.R.Civ.P. 24(a)(2), and must persuade the trial court he is entitled to those monies.