**Mark DAVILA, Appellant,**

v.

**WORLD CAR FIVE STAR; New World Car Center, Inc; New World Car Imports San Antonio, Inc., Appellees.**

**No. 04–01–00023–CV.**

Court of Appeals of Texas, San Antonio.

Feb. 27, 2002.

Ellen B. Mitchell, Law Office of Ellen B. Mitchell, P.C., Mark D. Davila, San Antonio, for Appellant.

Jason Jospeh Thompson, Robert S. Thompson, Thompson & Thomspon, P.C., Cynthia Goetz, San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, PAUL W. GREEN, Justice, KAREN ANGELINI, Justice.

KAREN ANGELINI, Justice.

Mark Davila appeals the trial court's judgment rendering him and his client jointly and severally liable for court costs and attorney's fees to World Car Five Star, New World Car Center, Inc., and New World Car Imports San Antonio, Inc. We reverse the trial court's judgment and remand the cause for proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

Mark Davila, an attorney representing Cynthia Goetz, sued on behalf of Goetz, World Car Five Star, New World Car Center, Inc., and New World Car Imports San Antonio, Inc. ("World Car") for breach of contract, conversion, and for violations of the Certificate of Title Act and the Deceptive Trade Practices Act. Goetz, generally, claimed World Car repossessed a car she lawfully purchased from World Car. World Car filed a counterclaim against Goetz, alleging fraud and breach of contract. It also sought attorney's fees and court costs under section 17.50 of the DTPA and Rule 215.4(b) of the Texas Rules of Civil Procedure.[1]

The case was called to trial on August 17, 2000. Because of a combination of summary judgment rulings and pre-trial directed verdicts, Goetz was left with no claims. Accordingly, the only remaining issue was World Car's counterclaim for breach of contract. World Car reserved for a separate evidentiary hearing its claim for attorney's fees and costs under section 17.50 of the DTPA.

After World Car presented evidence on its counterclaim for breach of contract, Davila called Goetz to testify. Goetz, however, was not present in the courtroom and did not respond when the bailiff called her name in the hallway. World Car moved for directed verdict on its breach of contract claim and asserted its entitlement to attorney's fees. Davila explained to the trial court he had instructed Goetz to remain in the courthouse and suggested she was in the restroom or using the phone. Goetz could not be located, and the trial court granted World Car's motion for directed verdict on the breach of contract counterclaim.

World Car then presented its claim for attorney's fees and costs *under section 17.50 of the DTPA,* maintaining Goetz's action was groundless. World Car further argued that Davila should bear the burden of sanctions because he called no witnesses and presented no evidence at trial and was, instead, "running a bluff" and brought suit "for harassment purposes only." World Car asked that attorney's fees be assessed jointly and severally against Goetz and Davila.

In response, Davila explained that had Goetz remained in the courtroom, she would have testified. Davila also pointed out that he thoroughly cross examined World Car's sole witness and elicited damaging testimony from the witness. Nevertheless, the trial court granted World Car's motion and ordered Davila and Goetz jointly and severally liable for attorney's fees and court costs to World Car.

On August 28, 2000, the trial court signed a final judgment assessing damages of $1,970.00 against Goetz. The judgment also assessed attorney's fees of $27,455.00 and costs jointly and severally against Goetz and Davila.

On that same day, Davila presented a motion for new trial, limited only to the issue of his liability for attorney's fees. The trial court ordered World Car's attorney to file a motion for sanctions and stated "we'll have a full-blown hearing." The trial judge further clarified her position, stating "I'm abating the ruling on attorney fees."

World Car followed the trial court's instructions and filed a motion for sanctions against Davila, again pursuant to section 17.50 of the DTPA. However, World Car also moved for sanctions according to Texas Civil Practice and Remedies Code, sections 10.001 through 10.006 and Texas

---

1. Rule 215.4(b) is not at issue in this appeal.

Rule of Civil Procedure 13. The trial court held a hearing on World Car's motion, after which the trial judge informed the parties that she would take the issue of sanctions under advisement.

Weeks later, the parties appeared before the court upon Davila's request that an order be entered. Despite the court's previous statement that a ruling on the joint and several liability for attorney's fees was abated, she stated that the only issue she took under advisement was the *amount* of attorney's fees to be assessed against Davila. The trial judge then announced her decision "to shut, close and end this case," and instead of ruling on World Car's motion for sanctions, upheld the August 28, 2000 judgment. Davila requested the trial court to enter an order reflecting her decision. In response to Davila's request, World Car's attorney stated:

But I understand the Court's—the Court's opinion today is that the Court, having heard the motion for sanctions, finds further support in the motion for sanctions for the original judgment for sanctions at trial. That that support has—that there is no further orders necessary because the sanctions, even after a day of evidentiary hearing, all of the evidence did not overturn or somehow undermine the Court's original assessment of August 28th and I'll prepare an order to that effect; that there are no other orders to be entered, that the sanctions don't need to be granted or denied, they were originally granted and only further support for same has been given to date.

The court responded "Get me an order."

On November 28, 2000, the trial court signed an order, noting that Davila's mo-

tion for new trial was overruled as a matter of law.[2] The order further provides:

After considering the entirety of the file, the conduct of plaintiffs' counsel prior to trial at trial and after judgment, the lack of any evidence presented by the Plaintiff or her attorney at trial, and one day of evidence and argument devoted solely to the issue of the sanctions assessed against the Plaintiff's Attorney in the Final Judgment entered in this case, the Court finds that the prior findings of the Court with respect to the assessment of the Defendants' attorneys fees against the Plaintiff and her attorney were supported by the facts and the law and the Final Judgment remains as originally entered.

Davila appeals, asserting the trial court abused her discretion in imposing sanctions against him.

## BASIS OF SANCTIONS AT TRIAL

World Car, at trial, alleged Goetz's claims against it were "groundless in fact or law and/or brought in bad faith, and/or brought for the purpose of harassment." Accordingly, pursuant to section 17.50 of the DTPA, World Car sought reasonable and necessary attorney's fees and court costs. However, in its post-trial motion for sanctions, World Car raised Rule of Civil Procedure 13 and Texas Civil Practice and Remedies Code, chapter 10, in addition to section 17.50 of the DTPA. The trial court never ruled on World Car's post-trial motion for sanctions. According to Davila, because World Car only raised section 17.50 in its pleadings, which was the sole ground of argument at trial, and because the trial court never ruled on its post-trial motion for sanctions, World

---

**2.** The trial court had already signed an order on November 14, 2000, denying Davila's mo-

tion for new trial.

Car's basis for sanctions is limited to section 17.50.

World Car maintains that Davila waived any argument that its pleadings lack specificity because he failed to specially except to its pleadings. Specifically, World Car contends that its allegations in its pleadings—that Goetz's claims were groundless, brought in bad faith, and for the purpose of harassment—set "forth the elements necessary to impose sanctions under rule 13, chapter 10, and section 17.50."

■■■ Texas follows a "fair notice" standard for pleading, which looks to whether the opposing party can ascertain from the pleadings the nature and basic issues of the controversy and what testimony will be relevant. See *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896–897 (Tex.2000); *Broom v. Brookshire Bros., Inc.*, 923 S.W.2d 57, 60 (Tex.App.-Tyler 1995, writ denied). World Car specifically enumerated section 17.50 of the DTPA in its pleadings as its basis for sanctions. It did not plead chapter 10 or rule 13. And, it does not allege any additional facts in its pleadings which would inform Davila that World Car sought sanctions under any statutory provision or legal theory other than section 17.50. "A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim. The purpose of this rule is to give the opposing party information sufficient to enable him to prepare a defense." *Auld*, 34 S.W.3d at 897 (citing *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex.1982)). World Car satisfied this standard with respect to section 17.50 of the DTPA only. Similarly, the trial court's judgment cites no other rule or basis for the sanctions. We will, therefore, confine our review of whether sanctioning Davila under section 17.50 of the DTPA was appropriate. *See Metzger v. Sebek*, 892 S.W.2d 20, 51 (Tex.App.-Houston [1st Dist.] 1994, writ denied) (when sanctions order refers to one specific rule, review limited to whether sanction appropriate under that particular rule).

## Section 17.50 of the DTPA

Davila maintains the trial court abused its discretion by imposing sanctions under section 17.50 of the DTPA. Specifically, Davila argues: 1) section 17.50(c) does not allow for recovery of sanctions against a party's attorney absent pleadings naming the attorney as a party defendant; 2) World Car did not plead a cause of action against Davila; 3) Goetz's claims were not groundless; 4) Davila did not file Goetz's claims in bad faith or for the purposes of harassment; and 5) the sanctions imposed against Davila are not directly related to the purported harm.

*A. Section 17.50 of the DTPA Generally*

Section 17.50 of the DTPA authorizes a trial court to award reasonable and necessary attorney's fees and court costs to a defendant upon a finding that the plaintiff's claim "was groundless and brought in bad faith, or brought for the purpose of harassment." Tex. Bus. & Com.Code Ann. § 17.50(c) (Vernon Supp.2002). Although the language of section 17.50 relates only to consumers, Davila and World Car agree that an attorney may be liable for sanctions under section 17.50.

*B. Notice*

■■■ Davila argues he was not given proper notice of World Car's claim for sanctions against him. Specifically, Davila maintains "section 17.50 does not authorize an award against [him] in the absence of pleadings naming him as a party defendant and service of process of those pleadings."

■■■ A court's power to sanction is limited by the due process clause of the

United States Constitution. *In re Bennett,* 960 S.W.2d 35, 40 (Tex.1997)(orig. proceeding). Accordingly, proceedings for sanctions must afford a party notice and an adequate opportunity to be heard. *In re Acceptance Ins. Co.,* 33 S.W.3d 443, 451 (Tex.App.-Fort Worth 2000, orig. proceeding). A plaintiff's pleadings satisfy this notice requirement and allow the party to defend the claims against him. *See* TEX.R. CIV. P. 47; *Perez v. Briercroft Serv. Corp.,* 809 S.W.2d 216, 218 (Tex.1991)(purpose of pleading to give notice of adversary party's claims).

Davila maintains that because World Car did not plead a cause of action against him, he was not notified of the claim for sanctions against him. In World Car's third amended original answer and counterclaim, it generally denied Goetz's claims and asserted several affirmative defenses and counterclaims against Goetz. Specifically, the relevant portion of World Car's counterclaim is worded as follows:

*DTPA § 17.50 Bad Faith—* The Plaintiff's case against the Defendant which is brought in part under the DTPA is groundless in fact or law and/or brought in bad faith, and/or brought for the purpose of harassment. The Defendant is therefor [sic] entitled to recover it's [sic] reasonable and necessary attorneys' fees and court costs.

Davila was not named as a party in World Car's counterclaim. However, on the same day the trial court entered judgment, after Davila presented his motion for new trial, the trial court abated the portion of the judgment relating to Davila's liability. The court ordered World Car to file a motion for sanctions, which was served on Davila, and set the matter for a hearing. Davila contends that "World Car's failure to plead a section 17.50 cause of action against [him] is not cured by the post-judgment filing of its motion for sanctions." According to Davila, his liability was a "done deal" by the time the post-judgment sanctions hearing was held.

It is clear from the record that the trial court, after notice to Davila and a hearing, determined the judgment entered on August 28, 2000, was correct. Even if Davila did not have notice of World Car's claim against him at trial, by later holding a separate hearing related solely to the sanctions issue, the trial court cured any error by allowing Davila a second opportunity to defend himself.[3]

Davila points out that, at the hearing, "the court refused to consider evidence relating to Davila's motives and credibility or to the information available to him and the circumstances existing at the time he filed Goetz's pleadings." Instead, the trial court limited its consideration to only the evidence presented during the course of the litigation. According to Davila, because the trial court refused to consider all of the evidence necessary to a proper assessment of sanctions against him, he was denied a meaningful hearing.

 To determine whether a suit is groundless under the DTPA, the trial court must consider the totality of the tendered evidence to determine whether

---

**3.** Davila asserts that, in the absence of service of process upon him individually, no judgment can be taken against him. TEX.R. CIV. P. 124. Davila further maintains he did not enter an appearance as a party to this action, thus waiving service of process. We note, however, that Davila does not contend he did not receive service of the post-judgment motion for sanctions. Furthermore, by appearing at the hearing on World Car's motion for sanctions, wherein World Car expressly requested sanctions be imposed against Davila, Davila waived the necessity of service. *See Houston Crushed Concrete, Inc. v. Concrete Recycling Corp.,* 879 S.W.2d 258, 260 (Tex. App.-Houston [14th Dist.] 1994, no writ).

there is an arguable basis in fact or in law for the consumer's claim. *Splettstosser v. Myer*, 779 S.W.2d 806, 808 (Tex.1989) (citing *Donwerth v. Preston II Chrysler–Dodge, Inc.*, 775 S.W.2d 634, 637 (Tex. 1989)). Even evidence that is legally inadmissible or subject to other defects may be considered by a court in determining whether an arguable basis existed for the suit, provided there is some good faith basis for belief that the tendered evidence might be admissible or that it could reasonably lead to the discovery of admissible evidence. *Donwerth*, 775 S.W.2d at 637. The trial court must examine facts available to the litigant and circumstances existing when the litigant filed his or her pleadings. *Neely v. Comm'n for Lawyer Discipline*, 976 S.W.2d 824, 827 (Tex.App.-Houston [1st Dist.] 1998, no pet.)(describing evidence necessary to Rule 13 hearing); *Woodward v. Jaster*, 933 S.W.2d 777, 782 (Tex.App.-Austin 1996, no writ)(same); *New York Underwriters Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 856 S.W.2d 194, 205 (Tex.App.-Dallas 1993, no writ)(same).[4] "Without hearing evidence on the circumstances surrounding the filing of the pleading and the signer's credibility and motives, the trial court has no evidence to determine that the party or its attorneys filed the pleading in bad faith or to harass." *New York Underwriters Ins. Co.*, 856 S.W.2d at 205.

At the hearing, Davila attempted to introduce evidence that contributed to his belief that Goetz's case against World Car had some merit. The trial court refused to consider anything that was not before her during the course of the litigation.[5] The court repeatedly emphasized

"the only evidence I'm going to consider is what has transpired from the day the suit was filed until the day it was tried. I'm not going to consider testimony that no one has heard in the trial."

By refusing to allow Davila to introduce evidence of the facts available and circumstances in existence at the time he filed Goetz's pleadings against World Car, the trial court denied Davila an opportunity to be heard in a meaningful manner. *Armstrong v. Manzo*, 380 U.S. 545, 550, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965); *Perry v. Del Rio*, 45 Tex. Sup.Ct. J. 52, 2001 WL 1285081 (October 19, 2001); *see In re Acceptance Ins. Co.*, 33 S.W.3d at 448 (holding mandamus proper to correct imposition of sanctions without notice and meaningful hearing in violation of due process).

### Conclusion

Because we hold Davila was not afforded a meaningful hearing on World Car's claim for sanctions against him, we reverse the trial court's judgment insofar as it orders Davila jointly and severally liable for attorney's fees and court costs and remand the cause to the trial court for proceedings consistent with this opinion. *See Bisby v. Dow Chem. Co.*, 931 S.W.2d 18, 21–22 (Tex.App.-Houston [1st Dist.] 1996, no writ)(reversing and remanding because trial court erred, in part, by not allowing defendant hearing to demonstrate pleadings not groundless, brought in bad faith or for purposes of harassment).

---

4. Because "groundless" under both the DTPA and Texas Rule of Civil Procedure 13 means "no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law," we find cases addressing the necessity of a Rule 13 hearing and the evidence relevant to that

hearing to be appropriate to our review of this case.

5. The court did, however, allow Davila to introduce evidence not previously before her for purposes of the appellate record.