Reversed and Remanded and Opinion filed February 13, 2003















Reversed and
Remanded and Opinion filed February 13, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-00566-CV

____________

 

GWENDOLYN STERLING, HAZEL CLAYBORNE, NIKKI STERLING, and KINDELL
CARRIER, Appellants

 

V.

 

MICHAEL ALEXANDER, Appellee

 

____________________________________________________

 

On Appeal from
the County Civil Court at Law No. 2

Harris County, Texas

Trial Court
Cause No. 706,134-A

 

____________________________________________________

 

O P I N I O
N

            O.J. Usoro
represented Gwendolyn Sterling, Hazel Clayborne,
Nikki Sterling, and Kindell Carrier in a personal
injury lawsuit.  He appeals from the
trial court’s imposition of sanctions against him pursuant to chapter 10 of the
Civil Practice and Remedies Code for filing a frivolous lawsuit.  Tex. Civ. Prac. & Rem. Code Ann. § 10.001–.006 (Vernon 2002).  The trial court’s sanctions order included a
$3,340 penalty to be paid into the registry of the court for the use and
benefit of Nikki Sterling and Kindell Carrier.  In two issues, Usoro
contends: (1) the motion for sanctions was defective; and (2) the trial court
erred in 








ordering
that the penalty be paid into the court’s registry for the use and benefit of Usoro’s clients. 
Because we find the trial court erred in ordering that the penalty be
deposited for the use and benefit of individuals, we reverse and remand.

I.  FACTUAL BACKGROUND

            On September 24, 1996, Gwendolyn Sterling was
involved in an automobile collision with Michael Alexander.  Hazel Clayborne,
and two minors, Nikki Sterling and Kindell Carrier,
were passengers in Sterling’s
vehicle.  Five days after that accident,
Gwendolyn Sterling, Nikki Sterling, and Kindell
Carrier were involved in a subsequent collision with Allen Butler.  O.J. Usoro filed
claims with both Alexander’s and Butler’s
insurance carriers on behalf of each of the occupants in the two
collisions.  Butler’s insurer
settled both the property and personal injury claims; however, Alexander’s
insurer only paid for the damage to the vehicle and refused to pay on the
personal injury claims.  Usoro filed suit against Alexander on behalf of each of the
occupants.  In his answer, Alexander
moved for sanctions against Usoro on the basis that
the lawsuit was frivolous.

            Prior to trial, Nikki Sterling
reached the age of majority.  Because
Carrier was a minor, the court appointed a guardian ad litem
and an attorney ad litem to represent her.  Sterling’s and
Carrier’s claims were nonsuited before trial.  Trial then proceeded solely on Hazel Clayborne’s claims arising from the collision with
Alexander.  After the jury returned a
finding of no liability in favor of Alexander, the trial court severed the
sanctions issue.

            At the hearing on the motion for
sanctions, Alexander presented evidence demonstrating that the plaintiffs
common to the suits against Alexander and Butler had
alleged the same injuries to the same parts of their bodies as a result of each
accident.  None of the plaintiffs had
received treatment prior to the Butler accident
(the Alexander accident having preceded the Butler accident
by five days).  However, after the Butler accident,
the plaintiffs common to both accidents sought medical treatment.  To one health care provider, the common
plaintiffs claimed they were injured in the Alexander collision, while  to a second provider, they claimed their
injuries were solely the result of the Butler
accident.  At the sanctions hearing,
Alexander offered evidence demonstrating that on several occasions the
plaintiffs claimed their injuries were solely the result of the Alexander
accident, while at other times they alleged their injuries were solely the
result of the Butler accident.

            Based on the foregoing, the trial
court sanctioned Usoro for filing frivolous
pleadings.  The court awarded defense
counsel’s attorney’s fees, ad litem fees, various
costs pertaining to the lawsuit, and a penalty to be paid by Usoro.  Following a
recommendation from Alexander’s counsel, the trial court assessed Usoro’s penalty at $3,340, the same amount of money
previously paid by Butler in settlement of the two minors’ personal injury
claims.  The trial judge ordered that the
penalty be paid into the court’s registry for the use and benefit of Nikki
Sterling and Kindell Carrier.  Based on the jury finding of no liability,
the court also entered judgment in the underlying lawsuit.  During mediation ordered by this court, the
parties settled all issues except the propriety of the monetary sanctions
penalty.

II.  DISCUSSION

A.  Sufficiency of Sanctions
Motion

 

            In his first issue, Usoro contends the motion for sanctions was defective
because it did not specify the exact nature of the penalty sought.  Chapter 10 of the Civil Practice and Remedies
Code permits sanctions for the filing of frivolous pleadings and motions. Tex. Civ. Prac. & Rem. Code Ann.
§§ 10.001–.006; Univ. of Texas at
Arlington v. Bishop, 997 S.W.2d 350, 355 (Tex. App.—Fort Worth 1999, pet.
denied).  When a court determines a
person has signed a pleading or motion in violation of section 10.001, it may
impose a sanction on the person, a party represented by the person, or
both.  Tex.
Civ. Prac. & Rem. Code Ann. § 10.004(a).  In exercising discretion by ordering
sanctions, a trial court is limited by the Due Process Clause of the United
States Constitution.  In re Bennett, 960 S.W.2d 35, 40 (Tex. 1997)
(orig.  proceeding); Davila v. World Car Five Star, 75 S.W.3d 537, 542–43 (Tex. App.—San
Antonio 2002, no pet.).  “Where an
attorney fails to complain of the sanction and fails to ask the trial court to
reconsider its actions, however, the attorney waives any complaint about the
trial court’s action.”  Kiefer v. Cont’l
Airlines, Inc., 10 S.W.3d 34, 41 (Tex. App.—Houston [14th Dist.] 1999, pet.
denied) (finding sanctioned firm waived notice complaint in case after trial
court sanctioned law firm for improperly calling two witnesses at motion for
new trial hearing); see also Tex. R. App. P. 33.1 (stating that to
preserve error for appeal party must make timely and sufficiently specific
objection in trial court); Valdez v.
Valdez, 930 S.W.2d 725, 728 (Tex. App.—Houston [1st Dist.] 1996, no writ)
(finding sanctioned attorney waived notice complaint for failure to argue point
to trial court).  We find appellant
waived his objection to the trial court’s sanction because he does not cite to
any place in the record nor have we identified anything in the record where he
preserved his argument.[1]  See Tex. R. App. P. 33.1; Texas-Ohio Gas, Inc. v. Mecom,
28 S.W.3d 129, 135 (Tex.
App.—Texarkana 2000, no pet.) (holding that party waived objection to sanctions
order by failing to urge it in trial court).

            Furthermore, even if Usoro had preserved his complaint, we find that the trial
court did not err in granting the motion for sanctions.  We review a trial court’s sanctions award for
abuse of discretion.  Finlay v. Olive, 77 S.W.3d 520, 524 (Tex. App.—Houston [1st
Dist.] 2002, no pet.).  The test is
whether the court acted without reference to any guiding rules and principles, i.e., whether the ruling was arbitrary
and unreasonable.  Id. (citing Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 242 (Tex.
1985)).  In a fairly detailed motion for
sanctions, Alexander set forth facts establishing that: (1) the plaintiffs had
requested damages for injuries which were 
the same injuries allegedly incurred in a separate accident that occurred
a few days later; (2) the plaintiffs made unequivocal statements that their
injuries resulted solely from the subsequent accident; and (3) the plaintiffs
received compensation for their injuries (from Butler) prior to filing the
instant suit.  Regarding the legal basis
for the sanctions, the motion states “the Plaintiffs’ pleadings herein are
frivolous, groundless and brought in bad faith, all in violation of Sections
9.001-9.014 and 10.001-10.006 of the Texas Civil Practice and Remedies Code, as
well as Rule 13 of the Texas Rules of Civil Procedure.”[2]  Lastly, in the request for relief, Alexander
requested “[the] striking of Plaintiff’s [sic] pleadings, attorney fees, costs
of court, costs of a guardian ad litem, penalty to be
paid into court, and such other and further relief to which Defendant may be
entitled.”

            Usoro
argues that the motion for sanctions does not specify the exact type of penalty
sought and therefore cannot support the sanctions award.  However, Usoro
cites no authority requiring such disclosure. 
So long as the due process requirement of notice and hearing are
satisfied, the only requirement of the motion contained in chapter 10 is that
it must “[describe] the specific conduct violating Section 10.001.”  Tex. Civ. Prac. & Rem. Code Ann. § 10.002(a); see also Bennett, 960 S.W.2d at 40 (holding due process was not
violated where attorneys were given notice and an opportunity to be heard); Davila, 75 S.W.3d at 542–43 (stating due
process requires notice and an opportunity to be heard).  Section 10.003 contains a duty for the trial
court to “provide a party who is the subject of a motion for sanctions under
Section 10.002 notice of the allegations and a reasonable opportunity to
respond to the allegations.” 

            The exact nature of the penalty in
any particular case may not become apparent until after the court has reviewed
the motion, the response, and any other relevant materials.  The statute provides a laundry list of
possible sanctions a trial court may impose, including a directive to the
violator to perform, or refrain from performing, an act, an order to pay a
penalty into the court registry, and an order to pay to the other party the
amount of the reasonable expenses incurred by the other party because of the
filing of the pleading or motion, including reasonable attorney’s fees.  Tex. Civ. Prac. & Rem. Code Ann. § 10.004(c).  A trial court should not stray from the list
of sanctions set forth in the statute.  See Randolph v. Walker, 29 S.W.3d 271,
277 n.6 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (noting that striking
of pleadings is not available sanction under this chapter); Herring v. Welborn,
27 S.W.3d 132, 145 (Tex. App.—San Antonio 2000, pet. denied) (finding no case
law extending section 10.004 to allow dismissal of cases with prejudice).  The record reflects that Alexander and the
trial court complied with the requirements of chapter 10.

            In a sub-issue, Usoro
contends the motion was also deficient because it was unverified and related to
facts that were not apparent from the record. 
As stated above, Usoro failed to properly
preserve this issue in the trial court.  See Tex.
R. App. P. 33.1; Texas-Ohio Gas,
Inc., 28 S.W.3d at 135.  In his
brief, Usoro also fails to identify the facts he
contends were mentioned in the motion but not apparent from the record.  Additionally, neither of the two cases he
cites in support of this argument, Med.
Protective Co. v. Glanz, 721 S.W.2d 382 (Tex.
App.—Corpus Christi 1986, writ ref’d), or Woodruff v. Cook, 721 S.W.2d 865 (Tex.
App.—Dallas 1986, writ ref’d n.r.e.),
support his contention.  In failing to
make proper citations to authority or the record and in failing to make a
cogent argument, Usoro has waived his contentions in
this sub-issue.  See Tex. R. App. P. 38.1(h)
(“The brief must contain a clear and concise argument for the contentions made,
with appropriate citations to authorities and to the record”); Seminole Pipeline Co. v. Broad Leaf
Partners, Inc., 979 S.W.2d 730, 758 (Tex. App.—Houston [14th Dist.] 1998,
no pet.).

            In a second sub-issue, Usoro contends Alexander’s attorney had no authority to act
on behalf of Carrier.  Again, Usoro failed to preserve this issue by making this argument
in the trial court.  See Tex. R. App. P. 33.1;
Texas-Ohio Gas, Inc., 28 S.W.3d at
135.  Additionally, in his brief, he does
not cite to any authority and fails to provide a cogent argument as to how this
alleged lack of authority by Alexander’s attorney could have affected the
proceedings on the motion for sanctions. 
Accordingly, we find this sub-issue is waived because of insufficient
briefing.  See Tex. R. App. P. 38.1(h);
Seminole Pipeline Co., 979 S.W.2d at
758.  Furthermore, we note that this
sub-issue is premised on the false notion that Alexander’s counsel was somehow
representing Carrier at the sanctions hearing. 
Although counsel did encourage the court to order that the monetary
penalty be set aside for the use and benefit of Carrier and Nikki Sterling, he
was clearly still acting solely as defense counsel during the proceeding.[3]  This is confirmed by the fact that counsel also
requested that the court grant attorney’s fees and various costs as part of the
sanctions.  Usoro’s
first issue is overruled.

B.  The Penalty

            In his second issue, Usoro contends the trial court erred in ordering that
proceeds from the Butler settlement,
which had already been distributed, be paid into the registry of the court as a
penalty.  Usoro’s
contention or assumption that the trial court was ordering the payment of
proceeds from the Butler settlement
is not supported by the record.  From his
statements during the hearing, it is apparent that Alexander’s attorney was not
requesting an amount equal to the Butler settlement
amounts because those amounts had not been disbursed, but chose those amounts
as a possible solution for the ever difficult and amorphous task of assigning a
dollar amount for a sanctions penalty. 
In fact, counsel specifically stated, “I am simply asking the court to
find that that sum would be reasonable as a penalty—monetary penalty to deter
Mr. Usoro from doing this further.”  Under section 10.004, one of the permissible
bases for sanctions is to deter repetition of the conduct.  Tex. Civ. Prac. & Rem. Code Ann. § 10.004(b).  Indeed, the trial court’s order specifically
states that the $3,340 was to be paid into the court’s registry “as a penalty
authorized by Section 10.004.” 
Accordingly, we find Usoro’s argument
regarding the alleged payment of settlement proceeds as a penalty without
support in the record and, consequently, without merit.

            Because Usoro
also complains that the penalty should not have been set aside for the benefit
of the minors, we are called upon to determine whether the trial court had the
authority to order a monetary penalty under section 10.004 to be paid into the
registry of the court “for the use and benefit” of individuals.[4]  We find that section 10.004 does not
authorize such an order.  Nor does any
other section of chapter 10 authorize the collection and distribution of a penalty for the use and benefit of an
individual, whether involved in the litigation or otherwise.  To the contrary, section 10.004(c)(2) states
only that the sanctions may include “an order to pay a penalty into
court.”   A monetary penalty paid to the
government becomes public funds.  Cf. Ex parte Roan,
887 S.W.2d 462, 465 (Tex. App.—Dallas 1994, no writ) (orig.  proceeding) (stating that particular amount
could not have constituted fine because trial court ordered it paid to
creditors).  To order disbursement of
such funds to an individual would violate the Texas Constitution’s various
prohibitions against granting public money to individuals for private
purposes.  See Tex. Const. art.
III, § 51 (prohibiting legislature from granting or authorizing grant of public
moneys to any individual); Tex. Const.
art. III, § 52 (prohibiting legislature from authorizing any subdivision of
state to grant public money to any individual); Tex. Const. art. XVI, § 6 (prohibiting appropriations for
private purposes); Ex parte
Smythe, 56 Tex. Crim.
375, 120 S.W. 200, 201 (1909) (holding state law unconstitutional under article
XVI, section 6, because it punished abandonment of wife and children by a fine
to be paid into court for their benefit); Graves
v. Morales, 923 S.W.2d 754, 757 (Tex. App.—Austin 1996, writ denied)
(holding the purpose of article III, sections 51 and 52, is to prevent
gratuitous application of public funds to any individual); Harris County v. Dowlearn, 489 S.W.2d
140, 144 (Tex. Civ. App.—Houston [14th Dist.] 1972,
writ ref’d n.r.e.) (holding
that purpose of article III, sections 51 and 52, and article XVI, section 6, is
to prevent the gratuitous grant of public funds to individuals).

            We find the trial court erred in
ordering the monetary penalty be paid into the registry of the court for the
use and benefit of Nikki Sterling and Kindell
Carrier.  We therefore sustain this
sub-issue in Usoro’s second issue.  Accordingly, we reverse the judgment of the
trial court regarding the payment of the monetary penalty and remand with
instructions that the trial court reconsider the imposition of a penalty in
compliance with section 10.004(c)(2) of the Texas Civil Practice and Remedies
Code.  If necessary, on remand, the trial
court should also enter a new judgment to reflect the parties’ settlement of
other sanctions issues.

            The judgment of the trial court is
reversed and this case is remanded for further disposition consistent with this
opinion and the provisions of chapter 10, Texas Civil Practice and Remedies
Code.

 

 

                                                                                    

                                                                        /s/        Eva M. Guzman

                                                                                    Justice

 

Judgment
rendered and Opinion filed February
 13, 2003.

Panel
consists of Justices Edelman, Seymore, and Guzman.

 

 











            [1]  No such arguments appear in the response to
the motion for sanctions, the transcript of the hearing on the motion, or the
motion for new trial.





            [2]  The trial court’s order awarded sanctions
solely on chapter 10 of the Civil Practice and Remedies Code.  Tex. Civ. Prac. & Rem. Code Ann. §§ 10.001–.006.  Under section 10.001,

 

            [t]he signing of a pleading or
motion as required by the Texas Rules of Civil Procedure constitutes a
certificate by the signatory that to the signatory’s best knowledge,
information, and belief, formed after reasonable inquiry:

            (1) the pleading or motion is not
being presented for any improper purpose, including to harass or to cause
unnecessary delay or needless increase in the cost of litigation;

            (2) each claim, defense, or other
legal contention in the pleading or motion is warranted by existing law or by a
nonfrivolous argument for the extension,
modification, or reversal of existing law or the establishment of new law;

            (3) each allegation or other factual
contention in the pleading or motion has evidentiary support or, for a
specifically identified allegation or factual contention, is likely to have
evidentiary support after a reasonable opportunity for further investigation or
discovery; and

            (4) each denial in the pleading or
motion of a factual contention is warranted on the evidence or, for a
specifically identified denial, is reasonably based on a lack of information or
belief.

 

 





            [3]  The related issue as to whether the court
properly ordered the monetary penalty to be disbursed to Usoro’s
former clients is discussed under issue two. 





            [4]  The court’s order states:

 

As a
penalty authorized by Section 10.004 of the Texas Practice & Remedies Code,
O.J. Usoro shall pay into the Court’s Registry the
sum of $3,340, as follows:

 

            (a) $1,815 payable to Beverly
Kaufman, County Clerk, for the
use and benefit of Nikki Sterling;

            (b) $1,525 payable to Beverly
Kaufman, County Clerk, for the
use and benefit of Kendall Carrier, a minor.