In The



Court of Appeals



Ninth District of Texas at Beaumont



 __________________ 


 

NO. 09-06-159 CV


______________________


 

BRANDON GIACOMO, Appellant



V.



JIMMY SMITH, INDIVIDUALLY AND 


D/B/A FLAIR REAL ESTATE, Appellee






On Appeal from the County Court at Law No. 1


 Orange County, Texas 


Trial Cause No. 16166 






MEMORANDUM OPINION


 Brandon Giacomo appeals the trial court's judgment awarding attorney's fees in favor
of Jimmy Smith, individually and d/b/a Flair Real Estate, pursuant to Section 17.50(c) of the
Texas Business and Commerce Code. See Tex. Bus. & Com. Code Ann. § 17.50(c) (Vernon
Supp. 2006). We affirm the judgment. 

 Giacomo, along with his fiancé at the time, searched for a new house with the
assistance of real estate agent Adam DeCorte. DeCorte, a licensed agent and independent
contractor for Flair Real Estate, showed the couple several houses. The couple purchased
a house in Vidor, Texas. During the couple's first tour of the house prior to purchase,
Giacomo noticed discoloration on the outside of the utility room wall and asked DeCorte if
the house had ever flooded. Giacomo testified DeCorte answered, "No." DeCorte, however,
testified he answered he did not know and suggested they return to his office to look at the
seller's disclosure notice. 

 The couple toured the house again with Giacomo's grandparents. Giacomo's
grandmother, Jalle Porter, testified she asked DeCorte if the house "ever had water in it." 
She said DeCorte answered, "No." DeCorte testified he remembered Giacomo's grandfather
asked about flooding and that DeCorte answered, "According to the Seller's Disclosure
Notice, no, it hasn't." 

 Pamela Porter, Giacomo's mother, testified she looked at the house with her son and
his fiancé. Porter explained that the first time she looked at the house she noticed
discoloration on the wall of the utility room, twice asked DeCorte whether the house had
water damage, and DeCorte responded, "No" both times. Giacomo stated he asked the agent
numerous times whether the house had ever flooded and every time DeCorte answered,
"No." 

 The couple signed an earnest money contract and later closed on the home, though
Giacomo knew from growing up in Vidor that the "front" portion of the street often flooded. 
Giacomo and his fiancé first saw the seller's disclosure notice five days before they initiated
the earnest money contract. On the second page of the seller's disclosure notice, the seller
did not indicate by marking either the "yes" or "no" box whether the property had previously
flooded. The seller did indicate that the improvements had not previously flooded. Giacomo
testified he initialed the second page of the seller's disclosure notice and then signed the
document. Giacomo stated he did not ask the seller at closing if the home had flooded
because he thought it would be rude to ask, considering the seller was in such poor health
that he appeared unable to talk. 

 Several months after the couple moved into the home, Giacomo noticed water around
the back door from a previous rain. He could not determine from where the water originated. 
The next time water entered the house -- the water damage made the basis of the lawsuit --
the water damage to the dining room, kitchen, and utility room. He then realized the water
entering the house was water that had "pooled up" beneath the porch. He removed a portion
of the deck and discovered boards underneath sitting flat on the ground, causing the water
to enter the house. Giacomo claims when he removed the baseboards, he found evidence of
prior water damage. Giacomo produced no evidence the house had flooded due to rising
water; rather, Giacomo's proof was that a wooden deck caused an area to retain water, which
then flooded into the house. The house had previously been rented, and the record does not
reflect who built the deck or whether the seller knew of the condition. 

 Giacomo did not sue the seller or DeCorte. Giacomo filed suit against the owner of
Flair Real Estate. His pleadings asserted violations of the Texas Deceptive Trade Practices
Act, fraud, and negligent misrepresentation.

 The jury did not find that DeCorte engaged in any false, misleading, or deceptive act
or practice, or made any negligent misrepresentation upon which Giacomo justifiably relied. 
The trial court's charge also asked the jury to determine a reasonable and necessary fee for
the services of Jimmy Smith's attorney, and the jury answered "$8,150.00." The trial court
stated in its final judgment that after examination of the pleadings, the evidence, and
arguments of counsel, the court found Giacomo's lawsuit was groundless and brought in bad
faith. Giacomo filed a motion for new trial, or in the alternative, motion to modify the
judgment. The trial court denied Giacomo's motion after a hearing.

 Section 17.50(c) of the Texas Deceptive Trade Practices Act provides that "[o]n a
finding by the court that an action under this section was groundless in fact or law or brought
in bad faith, or brought for the purpose of harassment, the court shall award to the defendant
reasonable and necessary attorneys' fees and court costs." Tex. Bus. & Com. Code Ann. §
17.50(c). "Groundless" under the DTPA means a claim has no basis in law or fact, and is
not warranted by any good faith argument for extension, modification, or reversal of existing
law. Donwerth v. Preston II Chrysler-Dodge, Inc., 775 S.W.2d 634, 637 (Tex. 1989). The
trial court determines whether an action brought under the DTPA is groundless or brought
in bad faith. Id. The trial court must consider the totality of the tendered evidence to
determine if an arguable basis exists in fact and law for the consumer's claim. Splettstosser
v. Myer, 779 S.W.2d 806, 808 (Tex. 1989). An appellate court reviews a trial court's
determination under an abuse of discretion standard. Donwerth, 775 S.W.2d at 637 n.3. 

 Giacomo argues the trial court erred in awarding attorney's fees to Smith without first
conducting a separate hearing to determine if the lawsuit was groundless or brought in bad
faith. He also contends insufficient evidence supports the trial court's finding. We address
both issues together, as briefed by the parties.

 At the hearing on Giacomo's motion for new trial, Giacomo's counsel explained the
motion only complained of the portion of the judgment awarding attorney's fees to Smith. 
Giacomo's counsel maintained that for Smith to recover attorney's fees, the trial court must
hold a hearing, and the evidence or testimony at that hearing must prove that the lawsuit was
groundless or brought in bad faith. He argued that the court must examine the facts available
to the litigant and the circumstances at the time the lawsuit was filed. He told the court
Giacomo initially came to him with his grandfather, and based on the grandfather's
representations regarding conversations he had with DeCorte, counsel took the case. He
anticipated calling Giacomo's grandfather as a witness at trial, but Giacomo's grandfather
was unable to testify due to health problems. 

 In determining whether the action was groundless or brought in bad faith, a trial court
must examine the facts available to the litigant and the circumstances that existed when the
litigant filed the action. Davila v. World Car Five Star, 75 S.W.3d 537, 544 (Tex. App.--San
Antonio 2002, no pet.). Refusing to allow a party to introduce evidence denies the party an
opportunity to be heard in a meaningful manner. See id. Here, the trial court considered the
attorney's representations at the hearing on the motion for new trial. Although the requested
hearing should have been held before the initial determination was made, Giacomo was given
an opportunity to be heard. 

 The only explanation Giacomo's counsel offered for filing the lawsuit was that he
took the case based on anticipated testimony by Giacomo's grandfather. Giacomo had an
opportunity to provide any other existing circumstance that would suggest the lawsuit was
not groundless. We assume the trial court considered the factor Giacomo did present. While
the explanation was presented after the finding, the trial court considered the information,
but was not persuaded to change the finding. 

 Under the DTPA, the plaintiff must prove that the defendant's malfeasance was the
producing cause of his damages. See Peeler v. Hughes & Luce, 909 S.W.2d 494, 498 (Tex.
1995) (citing Tex. Bus. & Com. Code Ann. § 17.50). A producing cause is "an efficient,
exciting, or contributing cause, which in a natural sequence of events, produces injuries or
damages." Brown v. Bank of Galveston, Nat'l Assoc., 963 S.W.2d 511, 514 (Tex. 1998). 
There can be more than one producing cause of an injury. See id. Producing cause includes
cause-in- fact, which means that the defendant's conduct was a substantial factor in bringing
about an injury which would not otherwise have occurred. See Union Pump Co. v. Allbritton,
898 S.W.2d 773, 775 (Tex. 1995). 

 The trial judge presided over the trial and heard the evidence. In his pleading,
Giacomo alleged "the home in question flooded" in May, 2004. Although he admitted on
cross-examination the petition misstated the date of the flooding as May 2004 instead of
September 2003, he produced no evidence of a flood in either month. Instead, he proved the
water damage was due to a pooling problem caused by the deck. 

 Giacomo testified he noticed water in the area of the backdoor on a prior occasion but
could not determine the cause. It was not until water entered his home a second time that he
determined that boards lying underneath the decking "caus[ed] the water to run back into the
house." Essentially, the water damage was due to a structural and maintenance problem, and
not rising flood waters. A failure to properly maintain the deck and prevent the pooling of
the water caused the damage to the house. 

 Giacomo received and reviewed the seller's disclosure notice on which DeCorte
relied. He had an opportunity at closing to ask the seller questions about the house or water
damage and did not take the opportunity. He presented no evidence DeCorte or Smith knew
about the deck problem, knew the problem had caused water damage, or had any information
different from what the seller provided on the disclosure notice. The trial court considered
Giacomo's pleadings, the evidence presented at trial, and the attorney's representations made
at the hearing on Giacomo's motion for new trial, and found no arguable basis for Giacomo's
claim. See Splettstosser, 779 S.W.2d at 808. Under the circumstances we do not see an
abuse of discretion by the trial court. Appellant's issues are overruled. 

 The judgment is affirmed.

 AFFIRMED.

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on September 14, 2006

Opinion Delivered November 16, 2006


Before McKeithen, C.J., Gaultney and Kreger, J.J.